Plaintiff provoked the issuance of a rule on defendants, the Police Jury of Rapides Parish, and J. Lewis Ates, member of that body from Ward 10, to show cause why a preliminary injunction should not issue to enjoin, prohibit and restrain them, and each of them, from taking possession of and using for road purposes a section of an old road over his property in Rapides Parish that had been, according to his allegations, abandoned by said Police Jury for public use and public road purposes. Plaintiff prayed that after trial of the case on its merits, he be recognized as owner of the alleged abandoned part of the road and that a permanent injunction issue against the defendants, enjoining and restraining them from disturbing him in his possession thereof or trespassing thereupon.
The rule was continued from time to time but came to trial on December 10, 1945. At the conclusion of the trial the following stipulation of counsel, with the consent of the court, was entered in the record, to-wit: " 'It is stipulated that this case is to be tried and submitted on its merits rather than on the rule for a preliminary injunction.' "
In keeping with this stipulation the trial judge, Honorable John W. Hawthorn, decided the case on its merits. Neither side questioned his right to finally pass upon the merits of the case under the quoted stipulation. The judgment rendered and signed discharged the rule to show cause, denied the issuance of a permanent injunction and rejected plaintiff's demand at his cost. Judgment was read and signed in open court on December 21, and, at that time in open court, plaintiff's counsel moved for appeals, suspensive and devolutive, to this court. The court granted the motion for devolutive appeal, but denied that for a suspensive appeal. Notice was then and there given of the intention to apply to this court for writ of mandamus to compel the trial judge to grant the suspensive appeal. This notice was followed by application to this court for relief. The trial judge has answered the rule issued and served upon him.
The reason assigned by the trial judge for denying a suspensive appeal was incorporated into the minutes of the court. It reads as follows: "* * * The suspensive appeal is denied for these reasons: That plaintiff has asked for injunctive relief, which was denied, and, as an incident to the injunctive relief, to be decreed the owner of the old roadway by reason of the abandonment of this old road. The Court, therefore, denies a suspensive appeal on the grounds that since the plaintiff did not get anything he prayed for, there is nothing to suspend. * * *"
In his return to the rule, in effect, the judge readopted his reason for not granting the suspensive appeal, as copied above.
The judgment in this case finally adjudicated the issues tendered by the pleadings. It is in all respects a definitive judgment and, of course, appeal from it is a matter of right. The benefits, if any, that will accrue to plaintiff from a suspensive appeal and the merits of the case, are questions with which we are not presently concerned. Unless there be some law that denies a suspensive appeal in a case of this character, the right to such appeal is absolute. No such law has been cited to us. We think that none exists. The rules of law pertinent to the case are tersely though clearly set fourth in the opinion of the court in Young et al. v. Village of Bossier City, 152 La. 18, 92 So. 719, from which we quote, to-wit: "It is immaterial what might or might not have been plaintiff's right to appeal had the injunction been dissolved by interlocutory judgment, on rule or otherwise. In the case before us there was, as above shown, a final judgment, disposing of the whole case on the merits, from which judgment plaintiff was entitled to an appeal as a matter of right. C.P. art. 565. And having a right of appeal, the law itself regulates the effect to be given to such appeal. The suspensive appeal is the rule (C.P. art. 575); the non-suspensive appeal the exception (C.P. art. 580). That is to say some judgments may not be appealed at all. C.P. arts. 566, 567. But when appealable a judgment may always be appealed from suspensively, unless it come within one of the excepted classes. This case does not."
The following cases sustain relator's contentions herein: State ex. rel. Ingram v. Judge of the Sixth Judicial District Court, 20 La. Ann. 529; State ex. rel. Cain v. Judge of the Sixth Judicial District Court for the Parish of Orleans, 20 La. Ann. 574; State ex rel. Geddes v. Judge of Civil District Court for the Parish or Orleans, 36 La. Ann. 301; Snowden et al. v. Red River *Page 682 Bayou Des Glaises. Levee Drainage District et al.,172 La. 447, 134 So. 389; Ramos v. Ramos, 173 La. 407, 137 So. 196; Agricultural Supply Co., Inc., v. Livigne et al., 177 La. 15,147 So. 365; Interstate Tax Bureau, Inc., et al. v. Conway,180 La. 453, 156 So. 463; Southern Bell Telephone Telegraph Co., Inc., v. Louisiana Public Service Commission, 185 La. 729,170 So. 548.
It seems clear to us that relator is entitled to the relief he seeks. It is, therefore, ordered that the writ of mandamus herein issued be made peremptory and that the respondent judge do allow plaintiff a suspensive appeal from the judgment aforesaid and fix the amount of bond for such appeal.