PER CURIAM.
Plaintiffs procured the issuance of a rule against the Police Jury of Webster Parish, et al. to show cause why a preliminary injunction should not issue for the purpose of restraining and enjoining the Police Jury of Webster Parish, the Sheriff and District Attorney from enforcing an ordinance of the said police jury prohibiting the sale of intoxicating liquors in the unincorporated portion of Ward 2 of Webster Parish. The application for a preliminary injunction was refused, and, subsequently, .on trial of the merits plaintiffs’ demands were rejected and .judgment was rendered dismissing plaintiffs’ suit.
Plaintiffs now appear before this court praying for a writ of certiorari directed to the respondent judge to the end that a writ of mandamus issue from this court ordering said respondent judge to issue a restraining order or a preliminary injunction, or to show cause why a suspensive appeal should bot be granted.
Alternative writs of mandamus were issued herein, to which the respondent judge has answered, denying plaintiffs’ rights to injunction but admitting the right to sus-pensive appeal.
It appears obvious that this court is without jurisdiction and' without right to order the issuance of an injunction. But it is equally obvious that the right of relators to a suspensive appeal from a definitive judgment on the merits is beyond question. Starnes v. Hawthorn, La.App., 24 So.2d 680, and authorities cited therein; LSA-R.S. 13:4070, Note 17.
As has been well established, a sus-pensive appeal from on order refusing a preliminary injunction is hot a matter of right; Act 29 of 1924, Section 5. But a final judgment on the merits is the basis for the right of prosecution of a suspensive appeal. Code of Practice, Articles 539, 565.
This court is without any authority to grant a suspensive appeal from the refusal of any injunction, but, clearly, we think we are authorized to order a suspensive appeal on the merits.
The respondent judge insists in his answer to the writs issued that our order should “clarify and state the effect of such a suspensive appeal.”
*812 ■ As observed in the opinion of this court in Starnes v. Hawthorn,■ supra: '
“The benefits, if any, that will accrue to plaintiff from a suspensive appeal and the_ merits of the case, are questions with which we are not presently concerned.” [24 So.2d 681.]
' For the reasons assigned the rule is made absolute and the respondent Judge, James E. Bolin, is hereby ordered to grant a sus-pensive appeal, nunc pro tunc, in accordance with law; otherwise the writs' are discharged.