152 So.2d 866 (1963)
J. Lee CALHOUN, Plaintiff and Appellant,
v.
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Defendant and Appellee.
No. 836.
Court of Appeal of Louisiana, Third Circuit.
March 13, 1963.
On the Merits May 14, 1963.
Rehearing Denied June 12, 1963.
*867 Love & Hodges, by Lloyd F. Love, Ferriday, for plaintiff-appellant.
D. Ross Banister, Glenn S. Darsey and Chester E. Martin, by Chester E. Martin, Baton Rouge, for defendant-appellee.
Before SAVOY, FRUGE and HOOD, JJ.
HOOD, Judge.
This matter is before us at this time solely on a motion to dismiss the appeal, which motion was filed by the defendant-appellee, State of Louisiana, through the Department of Highways.
In his original and two supplemental and amended petitions, plaintiff Calhoun alleges, in substance, that in a prior suit the defendant had taken and expropriated a servitude or right-of-way for highway purposes over and across plaintiff's land, but that the construction of a road on and along that right-of-way would cause him to suffer damages and irreparable loss. He demands (1) that a temporary restraining order issue restraining defendant from proceeding to construct a highway along said right-of-way; (2) that a rule issue directing defendant to show cause why a preliminary injunction to the same effect should not be issued; (3) that judgment be rendered ordering the defendant to move the location of its servitude or right-of-way to a new route or location which was described in the pleadings; and (4) that judgment be rendered directing defendant to complete a contract previously entered into relating to the construction of a highway on plaintiff's property.
Two temporary restraining orders were issued at different times in response to these pleadings, both of which orders have expired by law and under the express provisions of the orders themselves. No hearing was held on the rule to show cause why a preliminary injunction should not be granted, and no order or decree granting a preliminary injunction has ever been issued. The defendant, in response to the original and both amended petitions, filed an exception of no right of action, alleging and contending that plaintiff has no right to substitute *868 a different servitude for the one which had been formally expropriated by defendant in a prior suit. After a hearing, judgment was rendered by the trial court on November 27, 1962, sustaining that exception, and a formal decree sustaining the exception and dismissing the suit at plaintiff's prejudice was read and signed on December 3, 1962. Plaintiff's motion for a new trial was denied on December 7, 1962, and on the same day plaintiff moved for and was granted a devolutive and suspensive appeal, returnable on March 7, 1963, the appeal bond being set at $500.00. The appeal bond was furnished on December 19, 1962, which was sixteen days after the date on which the judgment appealed from had been rendered.
Shortly after the record was lodged in this Court, the defendant-appellee filed a motion to dismiss the appeal on the ground that the judgment appealed from was one relating to a preliminary injunction, and that the appeal was not perfected within fifteen days after the judgment was rendered, as required by C.C.P. Article 3612. The matter is before us now on that motion.
The third paragraph of Article 3612 of the Louisiana Code of Civil Procedure provides, in part, that:
"An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment * * *."
One of the sources of C.C.P. Article 3612 was Act 29 of 1924, which was later included in the 1950 Revised Statutes as R.S. 13:4070 (repealed by Act 32 of 1960). The former, or source, statute provided that "where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree," a devolutive appeal may be taken from such order or decree, but that any such appeal "must be taken and bond furnished within ten days from entry of such order or decree."
Prior to the effective date of the Louisiana Code of Civil Procedure the jurisprudence was established to the effect that the limitation of ten days within which to appeal, as provided in Act 29 of 1924 (LSA-R.S. 13:4070), referred only to an interlocutory order or decree relating to a preliminary injunction, and that it did not apply to an appeal from a final judgment disposing of plaintiff's right to an injunction, by deciding the case on its merits. See Brock v. Stassi, 189 La. 88, 179 So. 44; Donaldson's Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134; Oliver v. Shreveport Municipal Fire and Police Civil Service Board, La.App. 2 Cir., 88 So.2d 405; State ex rel. Coker v. Hamlin, La.App.Orleans, 40 So.2d 687; Tuggle v. Bolin, La.App. 2 Cir., 65 So.2d 811; Everett v. Hue & Aarnes, 173 La. 420, 137 So. 201; and Baton Rouge Production Credit Ass'n v. Newsom, La. App. 1 Cir., 191 So. 154.
Comment (b) under Article 3612 of the Code of Civil Procedure indicates that no change was intended by paragraph three of that Article, except that the delay was extended from ten to fifteen days. It seems to us, therefore, that the rule established by the above-cited jurisprudence is still applicable, and that the delay of fifteen days for taking an appeal, as provided in the third paragraph of Article 3612 of the Code of Civil Procedure, does not apply to a final judgment which disposes of the case on its merits.
In the instant suit the judgment appealed from is a final judgment, which disposes not only of plaintiff's demand for a preliminary injunction, but also of his right to obtain a permanent injunction, his demand for judgment ordering defendant to relocate its servitude or right-of-way, and his demand that defendant be directed to complete its contract for the construction of a highway. It is not merely an interlocutory decree "relating to a preliminary injunction," but it is a final decree disposing of the case on its merits. In our opinion, therefore, the fifteen-day delay for taking an *869 appeal from an order or decree relating to a preliminary injunction, as provided in Article 3612 of the Code of Civil Procedure, is not applicable here. Instead, since the judgment appealed from is a final judgment disposing of the case on its merits, we conclude that the delays for appealing are those provided in Articles 2087 and 2123 of the Code of Civil Procedure, relating to devolutive and suspensive appeals generally.
The appeal in this case was perfected within the delays allowed by either or both of the last-cited Articles of the Code of Civil Procedure, and accordingly, the motion to dismiss the appeal must be denied. No issue is raised in this motion as to whether the appeal was perfected as a suspensive or as a devolutive appeal, so it is not necessary for us to consider that question.
For the reasons herein assigned, therefore, the motion to dismiss the appeal filed by defendant-appellee is denied.
Motion to dismiss appeal denied.

On the Merits
Plaintiff Calhoun has appealed from a judgment of the trial court dismissing this suit on an exception of no cause of action filed by defendant.
The principal issue presented on this appeal is whether plaintiff, assuming all facts alleged by him to be true, is entitled to judgment changing the location of a previously expropriated highway right-of-way over and across his property, and ordering the Highway Department to construct such highway along a new and different route which would be more convenient to plaintiff and yet would afford the same facility at no additional cost to defendant.
According to the facts alleged in the pleadings, plaintiff's property fronts on Black River Lake. Prior to and at the time of the filing of the above-mentioned expropriation proceeding a public road crossed plaintiff's property, running along and relatively close to the edge of the lake. The defendant proposes to construct a new, hard-surfaced, wider highway substantially on and along the old existing roadbed, and by formal expropriation proceedings it has obtained from plaintiff all of the additional rights-of-way or servitudes affecting his land which it needs for that purpose. In November, 1961, after obtaining these servitudes, defendant entered into a contract for the construction of such a highway along this route. Plaintiff, however, in September, 1962, instituted this suit demanding that the new highway across his property be relocated and constructed along a different route, further from the lake, because he alleges that the property which has been taken "is extremely valuable for littoral purposes," and the land further from the lakeshore is less valuable. Counsel states in his brief that plaintiff wants the route changed "in order to make room for him to create a lake front subdivision."
The right-of-way for the proposed highway across plaintiff's property was expropriated by defendant under the provisions of Act 107 of 1954 (R.S. 48:441-460), which permits the "quick taking" of private property for highway purposes without the necessity of the prior adjudication of the question of the necessity for the taking. No question is raised in this suit as to the regularity of that expropriation proceeding or as to the validity of the order of expropriation by which defendant acquired the servitude over and across plaintiff's property.
The defendant in the instant suit contends that the Highway Department has the exclusive right, under the provisions of R. S. 48:441-460, to determine the question of the necessity for the taking and to specify the location or route of the proposed highway, and that its determination of those questions is not subject to judicial review. It concedes that the court may divest the Highway Department of the title it acquired by the expropriation proceeding if the court determines that the property was not taken for a public use. Defendant correctly *870 points out, however, that there are no allegations in any of the pleadings filed in the suit to the effect that the property was not taken for a public use, and thus no issue of that kind is raised here. It is argued that under the facts alleged by plaintiff, and particularly since there is no contention that the property was not taken for a public use, defendant cannot be divested of the title which it acquired by the expropriation proceedings and thus it cannot be compelled to change the location of the proposed highway across plaintiff's property.
R.S. 48:460, which relates to highway expropriation proceedings of this nature, provides:

"The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use. In the event of such findings, the court shall enter such judgment as may be necessary to compensate the defendant for the period during which the property was in the possession of the plaintiff and to recover for the plaintiff any award paid." (Emphasis added).
Our Supreme Court considered the abovequoted section of the Revised Statutes in State, Through Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531, where the fee title to a portion of defendant's property was expropriated under the provisions of LSA-R.S. 48:441-460. Defendant moved to vacate the order of expropriation on the ground that it was not necessary for plaintiff to take the fee title to the property, but that a servitude over such property was all that was needed. The Supreme Court held that the motion of defendant was properly denied by the district court because the question of the necessity for the taking was not subject to judicial review. "It is within the discretion of the Highway Department," said the Court, "to determine whether full ownership of the expropriated land or merely a servitude is necessary." The Court also held that when the Highway Department expropriates property under the provisions of the cited sections of the Revised Statutes, "there are only two questions which the courts may determine: (1) the adequacy of the compensation, and (2) whether the property was taken for a public purpose."
In State Through Department of Highways v. Waterbury, La.App. 3 Cir., 125 So. 2d 503, the defendant landowner by motions filed in the expropriation proceeding sought to reduce the amount of land taken, and as a basis for that motion the defendant offered a new plan of constructing a proposed highway intersection, prepared by an engineer hired by the landowner, under which plan a less amount of defendant's property was required. The trial court rendered judgment in favor of the defendant approving the new plan and decreeing that the original order of expropriation be amended by reducing the amount of property which had been taken from defendant. In view of the decision in the Guidry case, we concluded that the district judge was without authority to reduce the amount of property taken by the Highway Department, and accordingly, we reversed the judgment of the trial court.
We think the principle applied in the Waterbury case is applicable here, although we recognize that in that instance the landowner was seeking to reduce the amount of land taken rather than to relocate the right-of-way, as in this case. We cannot agree with plaintiff that the Waterbury case is inapplicable because the issue there was presented in the expropriation suit, while here the issue is being presented in a separate proceeding after the expropriation has been completed.
Although the owner of expropriated property is entitled to contest the question of the necessity for the taking under the general expropriation laws of this State, we think the jurisprudence of this State is settled to the effect that the owner has no such right in highway expropriation proceedings conducted under the provisions of *871 Act 107 of 1954 (R.S. 48:441-460). With the enactment of the 1954 statute, we think the Legislature has vested in the Highway Department the power to determine the necessity for expropriating property for highway purposes, that this includes the right to specify the route or location of such highway, and that the determination of these questions by the Department is not subject to judicial review. When the Highway Department expropriates property under the provisions of the 1954 statute, the courts may determine the adequacy of the compensation and whether the property was taken for a public purpose, but they have no authority to divest the Department of the title it has acquired under those proceedings on the ground that the taking was not necessary or expedient. It follows, we think, that the courts have no authority to order that the route or location of the servitude be changed, as demanded by plaintiff in this proceeding, because such a determination would involve a finding that the original route selected by the Department is not necessary.
Plaintiff, while apparently conceding that the expropriation proceedings were regular and that the property was taken for a public use, further contends that the servitude which defendant now owns, having been acquired by those proceedings, is governed by the substantive laws of Louisiana, and that under the provisions of either Article 703 or Article 777 of the Revised Civil Code plaintiff is entitled to have the location of the servitude changed.
A study of the provisions of these articles of the Civil Code convinces us that they are intended to relate only to servitudes which one estate owes to another estate, and that neither of these articles is applicable to a servitude expropriated by the State for the purpose of constructing a public highway. But even if the authors of the Code had intended that the landowner whose property is traversed by a public road should have the right to require the State to move the highway to a more convenient location, then it seems to us that the Legislature, by adopting Act 107 of 1954 (R.S. 48:441-460), clearly superseded the provisions of both of said articles insofar as they might relate to rights-of-way for highway purposes acquired by the State under the provisions of that act. We find no merit, therefore, in plaintiff's argument that under the provisions of these articles of the Civil Code he has the right to require the Highway Department to change the highway right-of-way from its present location to one which is more convenient to him. See also R.C.C. Article 658.
Plaintiff contends alternatively that the defendant Department of Highways agreed to "revise the alignment of that portion of the right of way * * * as requested herein," and that plaintiff is entitled to judgment ordering and directing defendant to realign the highway pursuant to that agreement. The evidence shows that on July 30, 1962, plaintiff entered into a written agreement with Paul E. Lirette, Right of Way Engineer for defendant Department of Highways, which recites, among other things, that the Department and Calhoun had "verbally agreed to finally conclude by joint petition and judgment that certain expropriation suit * * * whereby the Department agrees to revise the alignment of a portion of" the highway which defendant proposes to construct across plaintiff's land. The agreement then stipulates that the parties agree to "conclude the expropriation suit * * * upon the terms and conditions theretofore mutually agreed upon." Although this document recites that the parties had verbally agreed to conclude the expropriation suit by proper pleadings, a part of which verbal agreement was to revise the alignment of this highway route, the contract does not set out the manner in which the highway route was to be changed or realigned and in such contract the Highway Department does not specifically obligate itself to make any such changes. The pleadings do not show whether a joint petition was ever *872 filed, pursuant to the verbal agreement, but we assume that it was not because obviously there has been no judgment rendered realigning the route for the proposed highway. Under these circumstances, we feel that the agreement entered into between plaintiff and Mr. Lirette on July 30, 1962, cannot serve as the basis for the relief which plaintiff seeks here.
For the reasons herein set out, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
Affirmed.