SAVOY, Judge.
In the instant case plaintiff obtained a judgment against defendant in the sum of $1,825.00. This judgment was not contested by defendant. Plaintiff first obtained a preliminary default and then con* firmed the judgment on November 9, 1962. Pursuant to said judgment, plaintiff secured the issuance of a writ of fieri facias and instituted garnishment proceedings against defendant’s employer on the 13th day of November, 1962. A hearing was had on the writ of garnishment, and judgment was entered in favor of plaintiff, recognizing the writ of garnishment and ordering the employer of defendant to pay plaintiff 20% of his wages, subject to the legal exemption provided for by law. This judgment was rendered, read and signed on the 13th day of February, 1963. On the 6th day of February, 1963, counsel for defendant filed a plea of discharge in bankruptcy and estoppel as a bar to further proceedings by plaintiff under the garnishment proceedings instituted by him, alleging that defendant obtained a discharge in bankruptcy on the 9th day of January, 1963, in the United States District Court for the Western District of Louisiana, said action being No. 11437. This pleading was in the nature of a rule. On the 21st day of February, 1963, defendant filed a petition for a preliminary restraining order and a permanent injunction against plaintiff, praying that plaintiff be restrained and enjoined from proceeding under the judgments of November 9, 1962, and February 13, 1963. The court granted a temporary restraining order upon defendant furnishing bond in the sum of $200.00. After a hearing on the preliminary injunction, the judge dissolved the temporary restraining order and also ordered that the rule for the preliminary injunction be dismissed and recalled, and the writ of preliminary injunction be denied. This judgment was rendered on March 15, 1963, and read and signed on March 19, 1963.
Defendant has appealed to this Court from the refusal of the trial judge to grant him a preliminary injunction in the instant case. Plaintiff filed in this Court a motion to dismiss the appeal for the reason that defendant did not perfect his *598 appeal within fifteen days after the judgment was rendered, as required by Article 3612 of the LSA-Code of Civil Procedure. The judgment in the instant case was rendered on March 15, 1963, and was read and signed on March 19, 1963. Defendant moved for and was granted a devolutive appeal on June 17, 1963, which was made returnable on August 13, 1963; the appeal bond being fixed at $150.00.
In the case of Calhoun v. State (La.App., 3 Cir., 1963), 152 So.2d 866, the court made the following statements:
“The third paragraph of Article 3612 of the Louisiana Code of Civil Procedure provides, in part, that:
“ ‘An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment * * *.’
“One of the sources of C.C.P. Article 3612 was Act 29 of 1924, which was later included in the 1950 Revised Statutes as R.S. 13:4070 (repealed by Act 32 of 1960). The former, or source, statute provided that ‘where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree,’ a devolu-tive appeal may be taken from such order or decree, but that any such appeal ‘must be taken and bond furnished within ten days from entry of such order or decree.’
“Prior to- the effective date of the Louisiana Code of Civil Procedure the jurisprudence was established to the effect that the limitation of ten days within which to appeal, as provided in Act 29 of 1924 (LSA-R.S. 13 :4070), referred only to • an interlocutory order or decree relating to a preliminary injunction, and that it did not apply to an appeal from a final judgment disposing of plaintiff’s right to an injunction, by deciding the case on its merits. See Brock v. Stassi, 189 La. 88, 179 So. 44; Donaldson’s Heirs v. City of New Orleans, 166 La. 1059, 118 So. 134; Oliver v. Shreveport Municipal Fire and Police Civil Service Board, La.App. 2 Cir., 88 So.2d 405; State ex rel. Coker v. Hamlin, La.App.Orleans, 40 So.2d 687; Tuggle v. Bolin, La.App. 2 Cir., 65 So.2d 811; Everett v. Hue & Aarnes, 173 La. 420, 137 So. 201; and Baton Rouge Production Credit Ass’n v. Newsom, La.App. 1 Cir., 191 So. 154.
“Comment (b) under Article 3612 of the Code of Civil Procedure indicates that no change was intended by paragraph three of that Article, except that the delay was extended from ten to fifteen days. * * * ”
We are of the opinion that the rule of law established by the above jurisprudence is applicable, and the delay of fifteen days for taking an appeal as provided in LSA-C.C.P. Article 3612, applies in the instant case.
In the case of Baton Rouge Cigarette Service v. Bloomenstiel, (La.App., 1 Cir., 1956), 88 So.2d 742, the court recognized the difference between a hearing on a preliminary injunction and a hearing on the merits. The court stated there are different types of delays and pleadings and different types of evidence are admissible; and, there is a different burden of proof in that the preliminary injunction merely requires a prima facie showing whereas the permanent injunction requires a plaintiff to prove his case by the preponderance of the evidence.
In argument before this Court, counsel for defendant states that the judgment appealed from in the instant case reads, in part, as follows:
“ * * * and the court finding that the judgment rendered herein in favor of the plaintiff, Richard Kellogg, and against the defendant, M. E. Hall, was for damages resulting from willful and malicious injury to the property of the *599 plaintiff, Richard Kellogg, by' the de- • fendant, M. E. Hall, and whs not dis-chargeable in bankruptcy *- *
Defendant states further that if we dismiss his appeal, he will not have a remedy in view of the above phraseology in the judgment appealed from.
Since the matter was heard only ■on a motion for preliminary judgment in the district court and not on the merits, the above language used in the said judgment is not binding on defendant. Accordingly, ■the defendant is not prejudiced by the dismissal of this appeal.
This Court is of the opinion that the motion to dismiss the appeal is valid, and it is hereby granted.
For the foregoing reasons, the motion to •dismiss the appeal is granted, and the appeal filed by defendant is dismissed at his •costs.
Appeal dismissed.