BAILES, Judge.
This matter is before us at this time on a motion to dismiss the appeal taken by the defendant-appellant, Hannah Forkner, from a judgment rendered below. The motion was filed by the plaintiff-appellee, Consolidated Credit Corporation of Baton Rouge, Inc., and is grounded on the theory that the appeal was not perfected in a timely manner.
The chronological sequence of events preceding this motion are as follows. Plaintiff, as holder in due course of a note executed by defendant, brought suit against the defendant seeking judgment for the amount of the note, interest and attorney fees. The case was heard on April 14, 1965, and judgment was orally rendered at the time in favor of plaintiff and against defendant. This judgment was signed April 21, 1965.
In execution of this judgment plaintiff caused a writ of fieri facias to issue against certain property owned by the defendant. In response, defendant filed a petition for injunction asserting a homestead exemption on the property as the basis for an injunction prohibiting further execution of the judgment against the property. A temporary restraining order was issued and, after hearing, on January 31, 1966, judgment was rendered recognizing defendant’s homestead exemption and ordering that the rule for preliminary injunction be made absolute to the extent only of enjoining and prohibiting the sale of the property of defendant for any sum less than $4,000.00. A judgment to this effect was signed February 4, 1966. On May 12, 1966, a “Corrected Judgment” was signed and filed for record. This judgment recited that the judgment signed February 4th contained errors and mistakes and in order to conform the judgment to the minutes of the court the amendments were made.
In the meantime, on April 1, 1966, plaintiff filed a petition for declaratory judgment praying that the rights of a mortgagee, the defendant and itself to the proceeds from the sale of the property be judicially determined. The matter was heard May 25, 1967, and the minutes of the court reflect the following entry under date of December 21, 1967:
“Judgment rendered May 25, 1967, making absolute the rule previously issued herein for preliminary injunction, enjoining and prohibiting the sale of defendant’s property for any amount less than $4,000; and further recognizing defendant’s mortgagee Plan Investments, Inc. to be paid by preference and priority, the balance to be paid to defendant; and further after said disbursements, plaintiff to be paid the sum of $351.84, less a credit of $100; and further overruling defendant’s exception of res judi-cata; judgment signed and filed, See Decree.”
On March 20, 1968, defendant orally moved for and was granted this devolutive appeal, without bond.
In its motion for dismissal of the appeal, plaintiff-appellee asserts that the judgment of December 21, 1967, is one relating to a preliminary injunction the appeal from which, under the express provisions of LSA-C.C.P. Art. 3612, must be perfected in 15 days. Pointing out that the period from the date of judgment, December 21, 1967, to the date on which the appeal was perfected, March 20, 1968, was 90 days, plaintiff-appellee prays for dismissal. Defendant-appellant, on the other hand, argues that the appeal was perfected in a timely manner inasmuch as any judgments in the matter relating to preliminary injunctions had long before become final. Thus, the argument continues, the only judgment which was appealable on March 20, 1968, was the one rendered on the application for declaratory judgment for which a delay of 90 days is provided.
*103 The theory presented by defendant-appellant must be sustained. The motion to dismiss is denied.
All judgments rendered in this matter prior to that of December 21, 1967, were, as of the date this appeal was granted, not appealable since more time than the delay allowed by our Code of Civil Procedure had elapsed without an attempt to gain a new trial or to perfect an appeal from those judgments. In actual sequence, the delays for an appeal from each of those judgments expired in the following manner.
These judgments, the first on the note and the second recognizing defendant’s homestead exemption and granting an injunction against the sale of defendant’s property to the prejudice of that exemption, were rendered orally at the conclusion of the trial or hearing. Though the judgments were not signed until some later date, no notice of judgment was required. LSA-C.C.P. Art. 1913. On the day after the judgments were signed the three day period allowed for applying for a new trial began to toll. LSA-C.C.P. Art. 1974. After this three day period elapsed the delay for appealing began to run. No appeal was granted within either the 15 day period allowed for suspensive appeals or for appeals from judgments relating to preliminary injunctions, LSA-C.C.P. Arts. 2123, 3612, or within the 90 days provided in which a party could perfect a devolutive appeal, LSA-C.C.P. Art. 2087. Thus the present appeal could not have been taken from either of these judgments.
However, on December 21, 1967, judgment was rendered and signed on plaintiff-appellee’s petition for declaratory judgment. In the course of that judgment, as the minute entry heretofore quoted evidences, mention was made of the injunction previously issued. On the basis of the mention of the preliminary injunction in the declaratory judgment plaintiff-appellee, movant herein, argues that this appeal is from a judgment relating to a preliminary injunction subject to the 15 day delay for prefecting an appeal.
As we view the situation, the mention of the preliminary injunction in the judgment of December 21st, was mere sur-plusage. The injunction previously issued was, in fact, a final injunction based on a determination on the merits of the cause in spite of the fact that it was styled a preliminary injunction. As such, the 15 day provision of LSA-C.C.P. Art. 3612 would not be applicable. Moreover, the inclusion in the declaratory judgment of a sentence relating to a preliminary injunction previously issued, from which judgment the period for appeal had elapsed, could not bring the declaratory judgment within the scope of the time limitations of LSA-C.C. P. Art. 3612. The petition in response to which the judgment was rendered contained no prayer for such relief. The mention of the preliminary injunction was simply preamble to the declaratory judgment, though couched in terms of judgment. It was in effect merely a partial recitation of the judicially determined situation under which the declaratory judgment was rendered. Thus, this appeal is from an ordinary judgment and not one relating to a preliminary injunction.
This judgment was signed December 21, 1967. The three day delay for applying for a new trial expired December 27, 1967, Saturday and Sunday, December 23rd and 24th, and Christmas Day, being excludable holidays. From the next day, December 28th, defendant-appellant had 90 days, or until March 26, 1968, in which to perfect her appeal. The appeal was perfected on March 20, 1968, when on defendant-appellant’s motion an appeal was granted without bond.
For these reasons, the motion to dismiss this appeal is denied.
Motion denied.