342 So.2d 281 (1977)
SOUTHWEST SALES AND MANUFACTURING COMPANY, INC., Plaintiff-Appellant,
v.
DELTA EXPRESS, INC. and D. E. Lester, Jr., Defendants-Appellees.
No. 5785.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Rehearing Denied March 2, 1977.
Writ Refused April 26, 1977.
*282 Glenn E. Walker, Sutton, Burnett, Harrison & Walker, Shreveport, for plaintiff-appellant.
Charles W. Seaman, Natchitoches, for defendants-appellees.
Before HOOD, CULPEPPER and GUIDRY, JJ.
GUIDRY, Judge.
Plaintiff appeals from a judgment which rejects its demand for nullity of a judgment of the Tenth Judicial District Court dated February 5, 1976 rendered in proceedings entitled Southwest Sales & Manufacturing Co., Inc., versus Delta Express, Inc., et al. Number 40660 of the docket of that court.
In order to fully understand the nature of this proceeding and the issues raised, a review of the history of this and related litigation between these same parties is essential.
On November 13, 1974, Southwest Sales and Manufacturing Company, Inc. (hereafter referred to as "Southwest") filed suit against Delta Express, Inc., and D. E. Lester, Jr. (hereafter collectively referred to as "Lester") on a promissory note executed by the latter in favor of the former. The suit referred to bears docket number 40660 of the Tenth Judicial District Court of Louisiana. On February 3, 1975 judgment was rendered in said suit condemning Lester to pay to Southwest the principal sum of $6000.00. Following rendition of this judgment Southwest caused a writ of fieri facias to issue which directed the Sheriff of Natchitoches Parish to seize and offer for sale certain property belonging to Lester. Before execution could be had under said writ Lester filed a petition under the same docket number, i.e., No. 40660, seeking a judgment declaring the judgment of February 3, 1975 to have been extinguished by payment and/or accord and satisfaction; a restraining order directed to Southwest and the Sheriff of Natchitoches Parish prohibiting further action under the writ of fi fa previously issued; a preliminary injunction in the form and substance of the temporary *283 restraining order; and, a permanent injunction. Upon Lester furnishing bond in the amount of $1000.00 the restraining order was issued together with a rule ordering Southwest and the Sheriff to show cause on October 16, 1975 why the preliminary injunction should not issue. On the latter date a hearing was had which resulted in rendition of a judgment dissolving the previously issued restraining order and denial of the preliminary injunction. This judgment, which was signed October 30, 1975, also declared the judgment of February 3, 1975 good and valid, subject, however, to a credit of $1043.35 and ordered the Sheriff to proceed with execution of the writ. This latter judgment which forms the basis for plaintiff's demand of nullity reads in pertinent part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that:
I. The Temporary Restraining Order previously granted herein is vacated and set aside;
II. The Preliminary Injunction prayed for by the original defendant and plaintiff-in-rule, D. E. Lester, Jr., is hereby denied at his costs;
III. The Judgment in the above captioned cause of action of February 3, 1975, is hereby deemed and adjudged good, valid, and therefore enforceable, subject to a credit in favor of the defendant, Delta Express, Inc. and D. E. Lester Jr., in the sum of $1,043.35.

IV. The Sheriff of Natchitoches Parish is hereby ordered to re-advertise and subsequently set for sale that certain immovable property belonging to the defendant, D. E. Lester, Jr., originally set for sale on October 8, 1975." (Emphasis ours)
No appeal from this judgment was taken by Lester. The record does not indicate what action the Sheriff of Natchitoches Parish took following rendition and signing of the October 30, 1975 judgment.
On December 2, 1975 on motion of Lester a preliminary judgment of default was entered against Southwest in suit number 40660. Thereafter on January 13, 1976, no answer or other responsive pleadings having been filed by Southwest[1], Lester proceeded to confirm the preliminary default previously entered. As a result of this latter hearing the trial judge rendered and signed a judgment dated February 5, 1976 in favor of Lester and against Southwest and the Sheriff of Natchitoches Parish declaring the earlier judgment dated February 3, 1975 in favor of Southwest to have been legally extinguished. This judgment reads in pertinent part as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that the preliminary default herein entered on the 2nd day of December, 1976, be, and it is hereby confirmed, and made final and that there be judgment herein in favor of petitioners, D. E. Lester Jr. and Delta Express, Inc., and against the defendants, Southwest Sales & Manufacturing Co., Inc., and Sam H. James, Sheriff of Natchitoches Parish, Louisiana, decreeding defendants judgment of February 3, 1975, against petitioner in the amount of $6000.00, legally extinguished, and canceled."
Southwest did not appeal from the judgment of February 5, 1976. It is this latter judgment which Southwest seeks to have declared a nullity. The trial court dismissed Southwest's demand of nullity and this appeal followed.
Under LSA-C.C.P. Article 2001 the nullity of a final judgment may be demanded for vices of either form or substance as provided in Articles 2002 through 2006. Appellant contends that the judgment of February 5, 1976 is null because it is an invalid default judgment (LSA-C.C.P. Article 2002(2)).
In seeking reversal of the trial court judgment which dismissed its petition for *284 nullity of judgment, Southwest contends as follows:
(a) The judgment of October 30, 1975 which rescinded the restraining order, denied the preliminary injunction, and recognized and declared the judgment of February 3, 1975 good and valid is a final judgment leaving no issue or claim extant on which a preliminary default judgment could be rendered;
(b) the judgment of October 30, 1975 is res judicata;
(c) the trial court having previously determined by its judgment of October 30, 1975 that the judgment of February 3, 1975, had not been extinguished by payment or otherwise but rather was only subject to a credit of $1043.35, was not at liberty to reverse its prior holding because of the "law of the case" doctrine enunciated in Keller v. Thompson, 132 So.2d 395 (La.App.3rd Cir. 1961) writ refused January 15, 1962; and,
(d) the preliminary default judgment entered January 13, 1976 is invalid because, is invalid because, although no formal answer or other responsive pleadings were filed to Lester's petition for declaratory judgment etc., the transcript of proceedings conducted on rule for the preliminary injunction constituted a verbal denial of the allegations of the petition. We first address ourselves to appellant's contention that the judgment of October 30, 1975 was a final judgment and therefore res judicata.
LSA-C.C.P. Article 1841 provides as follows:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment."
It is settled that a judgment granting or withholding a preliminary injunction is an interlocutory judgment. A judgment granting a preliminary injunction is rendered upon a prima facie showing that the mover is entitled to that relief and that he will suffer irreparable injury if same is not granted. The sole purpose of a preliminary injunction is to preserve the existing status pending a full trial on the merits. Palama v. Livaudais, 179 La. 201, 153 So. 691 (La.1934); Picard v. Choplin, 306 So.2d 918 (La.App.3rd Cir. 1975); Gulf Toy House, Inc. v. Bertrand, 306 So.2d 361 (La.App.3rd Cir. 1975); State Board of Education thru Southern University, etc. et als. v. Anthony, 289 So.2d 279 (La.App.1st Cir. 1973) writ denied 292 So.2d 246 (La.). It is also settled that a trial court, in the absence of a stipulation to the contrary, cannot, upon denial of a preliminary injunction, dismiss the suit prior to a full trial on the merits for a permanent injunction. Jefferson Parish v. Universal Fleeting Company, 234 So.2d 88 (La.App.4th Cir. 1970); Olsen v. City of Baton Rouge, 247 So.2d 889 (La. App. 1st Cir. 1971), writ denied, 259 La. 755, 252 So.2d 454.
We acknowledge the force of the above legal principles however, we think it to be equally well settled that where a judgment denying a preliminary injunction after a hearing on the rule also passes on the merits of the case and effectively disposes of all issues presented by the pleadings such judgment is a final judgment. Baton Rouge Production Credit Ass'n v. Newson, 191 So. 154 (La.App.1st Cir. 1939); Starnes v. Hawthorn, 24 So.2d 680 (La.App.1st Cir. 1946); State ex rel. Roane v. Himel, 176 So. 413 (La.App.1st Cir. 1937); Calhoun v. State of Louisiana, through Department of Highways, 152 So.2d 868 (La.App.3rd Cir. 1963); Murry v. City of Oakdale, 276 So.2d 368 (La.App.3rd Cir. 1973).
In Calhoun, supra, we stated:
"In the instant suit the judgment appealed from is a final judgment, which disposes not only of plaintiff's demand for a preliminary injunction, but also of his *285 right to obtain a permanent injunction, his demand for judgment ordering defendant to relocate its servitude or right-of-way, and his demand that defendant be directed to complete its contract for the construction of a highway. It is not merely an interlocutory decree `relating to a preliminary injunction,' but it is a final decree disposing of the case on its merits. . . ."
In the suit which resulted in the judgment of October 30, 1975 the principal issue concerned whether or not the earlier judgment of February 3, 1975 had been extinguished by payment and/or accord and satisfaction. In addition to that relief Lester sought a preliminary injunction and a permanent injunction. The judgment rendered and signed following the hearing on October 16, 1975 not only rejected Lester's demand for a preliminary injunction but also denied his right to a judgment declaring the earlier judgment to have been extinguished and specifically decreed that the judgment of February 3, 1975 was "good, valid, and therefore enforceable. Subject to a credit in favor of the defendant, Delta Express, Inc. and D. E. Lester Jr., in the sum of $1043.35." This judgment effectively and finally disposed of all issues presented by the pleadings and is therefore a final judgment.
Able counsel for defendant refers us to the cases of Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (1971), Springlake Homeowners Association Inc. v. Pecot, 321 So.2d 789 (La.App.4th Cir. 1975), and Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App.1st Cir., 1971). The cited cases are inapposite. In those cases formal judgment was not rendered disposing of the matter on the merits but rather the judgments there involved simply rejected the demand for a preliminary injunction.
In light of the above we conclude that the judgment of October 30, 1975, is a final judgment which had the effect of concluding Lester's suit. The said judgment being final and no appeal having been taken therefrom same is now res judicata. Considering these conclusions it necessarily follows that the default judgment of February 5, 1976 is null. C.C.P. Article 2002(2).
For the above and foregoing reasons the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment in favor of Southwest and against Lester annulling and setting aside the judgment rendered on January 30, 1976, and read and signed February 5, 1976 in cause number 40,440, Tenth Judicial District Court, entitled "Southwest Sales & Manufacturing Company, Inc. vs. Delta Express, Inc. and D. E. Lester Jr.". Appellee, Lester is cast for all costs at the trial level and on appeal.
REVERSED AND RENDERED.
NOTES
[1] The proceedings, exhibits, etc. under docket number 40660 were not made part of this record however, Southwest concedes in brief to this court that no answer or other responsive pleadings were filed to the petition of Lester following rendition of the judgment of October 30, 1975.