SCHOTT, Judge.
On our own motion we questioned our jurisdiction over this appeal.
Appellant filed a petition to enjoin an executory process proceeding, praying for a temporary restraining order, a rule to show cause why a preliminary injunction should not be issued, and a permanent injunction against appellee. The trial court issued the rule and in response appellee filed an exception of no cause of action, praying that the debtor’s suit for injunction be dismissed. The judgment appealed from recites that rule for a preliminary writ of injunction and the exception of no right or cause of action came on for hearing but the decretal paragraph is as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the exception of no right or cause of action herein be maintained, and the said rule for a preliminary injunction by defendant, Roby V. Smith, Jr., be and the same is hereby dismissed.”
This judgment was signed on March 23, the petition for suspensive appeal was filed on March 27, but the suspensive appeal bond was not filed until April 10.
LSA-C.C.P. Art. 3612 provides as follows:
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.”
Thus, if the article applies to this case the last day available to appellant to furnish bond was April 7 with the result that we have no jurisdiction over the appeal.
Appellant contends that the case is governed by Calhoun v. State, 152 So.2d 866 (La.App. 3rd Cir. 1963), but we distinguish that case for the reason that there in passing on the exception of no right of action filed by the defendant the court sustained the exception and dismissed the suit at plaintiff’s cost. The court noted that this was a final judgment which disposed, not *216 only plaintiff’s demand for a preliminary injunction, but also his right to obtain a permanent injunction. In the instant case, by the plain wording of the judgment appealed from only the rule for the preliminary injunction was dismissed while plaintiff’s suit for a permanent injunction is still viable and pending in the trial court.
We have concluded that the provisions of Art. 3612 are applicable and that the appeal bond was filed too late. Accordingly, the appeal is dismissed.
APPEAL DISMISSED.
REDMANN, J., dissented with written reasons.