SARTAIN, Judge.
This matter is before us on Emmet F. Breland’s (Breland) motion to dismiss defendants’ appeal from a judgment of the district court granting a preliminary injunction. We grant the motion and dismiss the appeal.
The facts leading up to the instant issue are not in dispute. On November 18, 1977, the Honorable Edwin W. Edwards, Governor, issued a proclamation directing that a special election be held in the City of Boga-lusa on Tuesday, January 24, 1978, for the purpose of determining whether Breland should not be recalled as a member of the Bogalusa City School Board.
Breland filed suit on November 23, 1977, alleging the nullity of the Governor’s proclamation, based on the failure of the certificate of the Secretary of State to adhere to the requirements of R.S. 42:347. Named as defendants were the appropriate state and parish officers. In his suit, Breland sought (1) a preliminary injunction prohibiting the election as called, (2) a permanent injunction in the form and substance of the preliminary injunction, and (3) a judgment de-daring the Governor’s proclamation of November 18, 1977, null and void.
A hearing on the rule for a preliminary injunction was held on December 16, 1977, and on that date the matter was taken under advisement by the trial court. The trial judge, with written reasons assigned, rendered judgment on January 6, 1978, granting the preliminary injunction. Judgment in conformity therewith was signed on January 10, 1978. On January 17, 1978, the trial judge declined defendants’ request for a suspensive appeal.
The defendants then applied to this court for supervisory writs in an attempt to have the election held as scheduled. However, their application was not filed with us until January 26, 1978. In refusing the writ we stated:
“In the procedural posture that this case is presented to us the question is moot. The writ application was not filed with this court until two days after the date upon which the election had been set. There is therefore adequate remedy by appeal.”
On January 30, 1978, defendants obtained an order from the trial judge granting them a devolutive appeal. Breland’s motion to dismiss followed.
C.C.P. .Art. 3612, in pertinent part, provides:
* * * * * *
“An appeal from an order or judgment relating to a preliminary injunction must be- taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.”
* * * * * *
Breland contends that the defendants’ appeal should be dismissed not only because it was not perfected within the fifteen day period required under C.C.P. Art. 3612, above, but also because Act 473 of 1977 (which amended R.S. 42:342) has rendered the Governor’s proclamation null and the issue is now moot.
*252 Defendants argue that the judgment signed on January 10, 1977, in addition to granting the preliminary injunction, granted the declaratory judgment prayed for by plaintiff. Accordingly, they contend that insofar as the declaratory aspect of the judgment is concerned it is a final decree (C.C.P. Art. 1871), thus permitting a devolutive appeal within the customary sixty day period. They cite as their authority the case of Consolidated Credit Corporation of Baton Rouge v. Hannah Forkner, 213 So.2d 101 (La.App. 1st Cir. 1968). We find the cited case clearly distinguishable from the facts in the instant matter. Further, we pretermit any consideration as to the issue of mootness and address ourselves only to the question of the timeliness of defendants’ appeal.
At the outset we note that the record makes the procedural posture of the case abundantly clear. The matter was before the court on Breland’s, rule for a preliminary injunction. Any effort to consider other matters germane to the merits was timely objected to. While the trial judge, in his written reasons, did conclude that the certificate of the Secretary of State did not comply with the requirements of R.S. 42:347, this conclusion must be viewed in the light of the interlocutory nature of the proceedings. The same is true with respect to those portions of the signed judgment which import finality. A hearing on the rule nisi for a preliminary injunction cannot, absent a stipulation to the contrary, be considered as a trial on the merits.
This court in Baton Rouge Cigarette Service v. Bloomenstiel, 88 So.2d 742 (1956) recognized the difference between a hearing on a preliminary injunction and a hearing on the merits. We noted, inter alia, the different delays involved, the different types of pleadings, and particularly, the difference in the burden of proof. See Kellogg v. Hall, 159 So.2d 596 (La.App. 2d Cir. 1964) and Ritchey v. Desser, 199 So.2d 427 (La.App. 3d Cir. 1967).
The case relied upon by appellants (Consolidated Credit Corporation of Baton Rouge v. Hannah Forkner, above) is not authority for the proposition now advanced by them. In that case the court found that the declaratory judgment therein rendered and appealed followed a hearing on the merits.
Defendants are not prejudiced by the dismissal of their present appeal. Following a hearing on the merits and assuming that the judgment is still adverse to their contentions, they still have a right to an appeal. Kellogg v. Hall, above.
For the above reasons, plaintiff’s motion is granted and defendants’ appeal is dismissed. All costs incidental to this appeal as are permitted by law are assessed against the defendants with the assessment of all other costs to await a final determination on the merits.
MOTION GRANTED, APPEAL DISMISSED.