SAMUEL, Judge.
Plaintiff appeals from a judgment granting a preliminary injunction which orders defendant “to return all items she took from” her husband’s safe deposit box in the plaintiff bank, and enjoins her from “alienating or otherwise disposing of all items taken from” that box.
Appellant contends the preliminary injunction should describe with particularity those items to be returned and that injunction is too general and thus does not conform to Code of Civil Procedure Article 3605.
The suit arose as a result of plaintiff’s action in permitting the defendant to enter two safe deposit boxes, one of which she had authority to enter (along with her husband), and the other (# 250), which was registered only in her husband’s name and which she had no authority to enter. She had secured the key to his box by taking it from his wallet.
The only evidence regarding the contents of the husband’s box and what was removed therefrom is the testimony of defendant and her husband. According to defendant’s testimony, she removed from her husband’s box only some insurance policies, pictures, a birth certificate, a profit sharing certificate, and other items not in contest here. She saw no money or jewelry in the box; and all of the items she removed were her personal property. According to the husband, $25,000 in cash, jewelry valued at $20,000 and shares of A.T. & T. and other stock, and other items, all of which were his separate property, were missing from his box after the plaintiff had entered therein.
In compliance with the court order, defendant returned those items which she admits to have taken. However, plaintiff claims defendant has not complied because she has not returned all of the items her husband states were in the box.
It is appellant’s position that the matter involves the credibility of witnesses and, since the bank has no way of verifying the husband’s alleged loss,[1] the trial court was required to render a judgment describing in reasonable detail exactly what items the defendant was required to return to the plaintiff.
Code of Civil Procedure Article 3605 provides:
“An order granting either a preliminary or a final injunction or a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained. The order shall be effective against the parties restrained, their officers, agents, employees, and counsel, and those persons in active concert or participation with them, from the time they receive actual knowledge of the order by personal service or otherwise.”
*308 We agree that the preliminary injunction does not satisfy the pertinent “describe in reasonable detail” provision of Article 3605. But it was incumbent upon the plaintiff to present at least a prima facie case justifying issuance of the preliminary injunction.[2]
In view of the diametrically conflicting testimony of the only two witnesses who testified on the subject (which testimony, as we have said, is the only evidence on the subject), the trial judge found that without further evidence he was unable to determine whether the defendant in fact had removed any items other than those she admitted removing and subsequently returned. We agree with this finding, especially in view of other testimony by the husband which casts some doubt on the likelihood of this possessing the $25,000 in cash, $20,000 in jewelry, and stock he claims were in the bank box. Accordingly, we find, as also did the trial judge, that plaintiff has failed to present evidence sufficient to justify the issuance of a preliminary injunction ordering the defendant to return those and other items.
Finally, we note defendant had not appealed or answered plaintiff’s appeal, and indeed has made no appearance in this court. Consequently, we must affirm the judgment of which plaintiff complains.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. It admits its obligation to protect the depositary’s property and acknowledges the wife had no authority to enter the box in suit.

. See General Motors A.C. v. Daniels, La., 377 So.2d 346, 348; Southwest Sales and Mfg. Co. v. Delta Exp., Inc., La.App., 342 So.2d 281, 284.