468 So.2d 709 (1985)
ORLEANS PARISH SCHOOL BOARD
v.
CITY OF NEW ORLEANS, et al.
No. CA 3169.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1985.
Writ Denied June 27, 1985.
*710 Samuel I. Rosenberg, Franklin V. Endom, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for plaintiff-appellant Orleans Parish School Board.
Karen Milner, Salvador Anzelmo, and Okla Jones, II, Jones, Nabonne & Wilkerson, New Orleans, for defendant-appellee.
Before KLEES, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by the plaintiff, The Orleans Parish School Board ["School Board"], from a decision by the trial court finding that Ordinance 9998 M.C.S. passed by the City Council of New Orleans ["City Council"] was a constitutional exercise of that body's power. The original defendants were the City of New Orleans ["City"], City Council, the Mayor, the City Planning Commission, and the Director of Safety and Permits.
The City Council passed Ordinance 9998 M.C.S., which became effective on August 26, 1984. This ordinance amended the City's Comprehensive Zoning Plan and changed the zoning requirements for school buildings from a permitted use to a permitted conditional use, in residential areas. A "conditional use" is defined by Article 15, 2.6. of the Comprehensive Zoning Plan as: "[C]ertain uses which, because *711 of their unique characteristics, cannot be classified properly in any particular district or districts without special consideration in each case of the impact of those uses upon neighboring land and of the public need for the particular use at the particular location." As a result, the School Board now must seek approval from the City Council which, after receiving an official recommendation from the City Planning Commission, will make a decision as to whether the School Board may proceed with its plans to locate a school house in the area in which it has chosen.
After the passage of this ordinance, the School Board filed a petition for injunctive relief, to prevent enforcement of the ordinance, and for a declaratory judgment that the ordinance was unconstitutional. Prior to the hearing on the preliminary injunction, the City Planning Commission was dismissed as a party to the action. After a hearing on the preliminary injunction, the trial court ruled that the ordinance was constitutional and was a valid exercise of the City's power. The trial court also allowed the plaintiff a right to a hearing, to be held at a later date, on injunctive relief based on a determination of irreparable injury. The hearing was scheduled on the question of irreparable injury, although the School Board filed a motion for a new trial. At this point, defendants filed an exception of no cause of action, urging that because the trial court had held that the ordinance was constitutional, no injunctive relief could be granted, and the issue of irreparable injury, therefore, was immaterial. This exception was sustained by the trial court. The trial court dismissed plaintiff's suit.
On appeal, School Board asserts two basic issues: (1) that Ordinance 9998 M.C.S. is unconstitutional, and (2) the trial court was in error in dismissing the petition for a declaratory judgment after the hearing on the preliminary injunction.

CONSTITUTIONALITY OF ORDINANCE 9998 M.C.S.
The basis of the School Board's argument that the ordinance is unconstitutional is Article 8, section 1 of the Louisiana Constitution of 1974, which provides that the "[l]egislature shall provide for the education of the people of the State and shall establish and maintain a public educational system." Furthermore, La.R.S. 17:81 provides that each parish school board "shall determine the number of schools to be opened, the location of the schoolhouses,...." See also La.R.S. 17:151.
The School Board argues that it possesses those powers of the state that are delegated to it. The School Board asserts that the ordinance conflicts with it and is inconsistent with the constitution. If an ordinance conflicts or is inconsistent with the constitution, or if the ordinance "infringe(s) the spirit of state law or (is) repugnant to the general policy of the state," the ordinance is unconstitutional. Morial v. Council City of New Orleans, 413 So.2d 185 (La.App. 4th Cir.1982) quoting from National Food Stores of Louisiana, Inc. v. Cefalu, 280 So.2d 903 (La.1973). The School Board urges that the legislature's grant of the power to select "school houses" is a general law and an attempt by the City Council to impose any restrictions whatsoever upon its authority to select the location of schools is an abridgement of that power. The defense argues that the School Board has no police power. We note that the status of parochial school boards has not been determined with any degree of consistency by the courts. See Stokes v. Harrison, 238 La. 343, 115 So.2d 373 (1959); compare Jefferson Parish School Board v. Jefferson Parish Dem. Exec. Comm., 246 La. 51, 163 So.2d 348 (1964).
There is no need, however, for us to decide this issue at this time. We find that this legislative grant to the school boards of the power to locate their school buildings is not an unfettered right regardless of the nature or characterization of that power. The cases on which plaintiff relies holding that school boards may establish their facilities at their discretion, all require that the exercise of this power be done in such a manner that it is not arbitrary, unreasonable or fraudulent. See e.g., Hill v. DeSoto Parish School Bd, 177 *712 La. 329, 148 So. 248 (1933); Orleans Parish School Bd. v. Brown, 154 So.2d 545 (La.App. 4th Cir.1963). Plaintiff has failed to show that the requirement of approval by the City Council prior to final determination of a school site would have any result other than to insure that the School Board's discretionary powers would be exercised in a manner not inconsistent with these decisions. We also agree with the trial judge in his reasons for judgment when he stated that Ordinance 9998 M.C.S. does not interfere with the School Board's ability to select the locations of its school houses. The School Board still has the power to choose where it wishes to place its buildings. No agency has tried to usurp this decision-making process. What the ordinance simply has done is to insure that this decision by the School Board is made in a reasonable manner.
In Apex Oil Co. v. City of Port Allen, 357 So.2d 624 (La.App. 1st Cir.1978), the court decided the issue of whether a city could adopt building restrictions in an area within the purview of the Greater Baton Rouge Port Commission. This Port Commission had been created by the Louisiana legislature and granted certain powers. It was "empowered ... to construct or acquire and equip wharves and landings and other structures useful for commerce in the port area and to provide mechanical facilities therefor ... to provide lights, water, police protection, and other services for its facilities as it may deem advisable; ..." Apex Oil Co., supra at 625. Part of the property under the power of the Commission was within the city limits of Port Allen. Apex Oil, lessee of the Port Commission, began some construction in the City of Port Allen within the Port Commission property. The city required that building permits be obtained before the construction could be completed. The court held that although the constitutional amendment and statute setting up the Port Authority granted it certain powers, there was no clear statement by the legislature that the powers granted to the city were recalled.
Apex Oil Co. is analogous to the instance case. Although the School Board is given the power to decide where it would like to locate its school houses, there has been no recall by the legislature of the powers that have been granted to the City to, among other things, zone. See Art. 6, Sections 4, 5(E), 7(A), La. Const. 1974.

HEARING FOR DECLARATORY RELIEF
Plaintiff argues that the trial court was in error in refusing to hold another hearing on the merits after the preliminary injunction was denied.
Generally, a preliminary hearing is not a final determination of the parties' rights absent a stipulation. When, however, the ruling on the preliminary injunction resolves all of the issues presented by the pleadings, it is a final judgment. Southwest Sales & Mfg. Co. v. Delta Express, Inc., 342 So.2d 281 (La.App. 3d Cir. 1977); cf. Fox v. Horsemen's Benev. & Protective Ass'n., 426 So.2d 278 (La.App. 4th Cir.1983).
In this case, there is no doubt that the trial court fully considered all of the issues involved. Once a determination had been made as to the constitutionality of the ordinance, there was no need for any further litigation.
AFFIRMED.