AYRES, Judge.
Plaintiff, alleging that defendant was indebted unto him in the sum of $329.49 and that defendant was a non-resident, instituted this action April 16, 1957, and obtained a writ of attachment directing the seizure of property of defendant situated within the jurisdiction of the court sufficient to pay said claim. Pursuant to such writ, a certain lot of household goods, including a washing machine, refrigerator, kitchen range and dining and bedroom furniture, was seized on the aforesaid date.
In due course of proceedings and under date of May 8, 1957, judgment was rendered in plaintiff’s favor for the aforesaid sum and costs, maintaining the attachment and recognizing plaintiff’s lien and privilege on said property by virtue of said attachment and ordering said property sold to pay and satisfy said judgment. However, on May 8, 1957, the date that said judgment was rendered, the Frontier Trailer Sales filed an intervention and third opposition, claiming ownership of the property seized by virtue of a bill of sale executed by defendant to it April 12, 1957. Accordingly, the intervenor prayed that its ownership of the property be recognized; that the attachment and seizure be set aside, and that possession of the property be restored to it, and, by a supplemental petition, prayed for the issuance of a temporary restraining order, and finally, for the issuance of a permanent injunction prohibiting the sale of the property under plaintiff’s judgment.
Plaintiff, in response to intervenor’s and third opponent’s demands, attacked the reality of the aforesaid sale from defendant to intervenor and third opponent as a simulation and as null and void and as an attempt to place defendant’s property beyond the reach of his creditors, particularly plaintiff, and in fraud of their rights. After trial, there was judgment recognizing intervenor and third opponent as the owner of the property seized, dissolving the attachment and perpetuating an injunction prohibiting the sale of said property to pay plaintiff’s judgment.
From the judgment thus rendered, plaintiff has appealed.
On trial, plaintiff attempted to show the transaction between defendant and in-tervenor was fraudulent; that the bill of sale was irregular, and that the consideration was never paid. Involved primarily are questions of fact. That, as to form, the bill of sale was irregular is made apparent by even a casual inspection. While signed by defendant, it is neither witnessed nor signed by intervenor and third opponent as purchaser. The notary was one Wendell Dunn, owner of Frontier Trailer Sales, in-tervenor and third opponent. This irregularity, however, is of no importance or consequence, since it otherwise sufficiently evidences a sale between the parties, particularly in view of the fact that both defendant and intervenor testified as to the reality of the sale and the transaction between them. Verbal sales are valid (LSA-C.C. Art. 2441) and, therefore, a written bill of sale was not indispensable.
The bill of sale recites a consideration of $1,610 paid defendant for the property by intervenor. On trial, both testified that defendant purchased a trailer house from intervenor and that the property in *584 .volved was taken in and given as a credit 'in the aforesaid sum on the purchase price •of said trailer house. No point, however, could be validly made due to this variation in view of LSA — C.C. Art. 1900, which provides:
“Art. 1900. If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.”
■ Plaintiff’s contention that the trans- ■ action was in fraud of his rights as a creditor of the defendant, predicated upon the proposition that no consideration was paid or intended to be paid, is not supported by the proof. The only evidence in the record supports the reality of the transaction and .the validity of the consideration.
While in the transfer and sale of .movables, delivery is necessary to affect the rights of third persons (LSA-C.C. Arts. 1922, 1923), the proof shows delivery of the .property was made to the intervenor prior to plaintiff’s seizure. The bill of sale was executed and the transaction completed as -to the purchase of the trailer house by defendant on April 12, 1957. Under intervenor’s orders and instructions, the Veatch Warehouse & Storage Company, as intervenor’s agent, took possession of the property for intervenor on April 16, 1957, prior to the seizure. Its representative, Carter • Shirey, made an examination of the property, took an inventory and had about one-half thereof .actually loaded on a van for .transportation to intervenor’s place of business in Fort Worth, Texas, when a deputy sheriff arrived to execute the writ of attachment. This constitutes sufficient and timely .delivery so as to complete the sale and delivery of the property even as to creditors and third persons.
The conclusion, therefore, • necessarily follows that the sale between defendant and intervenor was valid; that adequate consideration was given therefor, and that delivery was duly made, notwithstanding plaintiff’s urging as to the suspicious character of the sale and transaction, in support of which he states in brief that since the trial his counsel was informed by inter-venor’s counsel that the transaction for the purchase of the trailer house by defendant had never been completed. For this reason, it is submitted that there was no consideration for the sale of the household goods of defendant; that such pretended sale was without effect, and that the property was subject to plaintiff’s seizure. We cannot give consideration to this contention inasmuch as, in submitting the same, counsel has gone completely out of the record and the proof thereof not being in the record, we are unauthorized to give it any consideration.
Finding no error in the judgment appealed, it is, accordingly, affirmed at appellant’s cost.
Affirmed.