GLADNEY, Judge.
Eunice Hackworth instituted this suit against Jane Barham claiming ownership and possession of a 1965 Ford automobile. J. Porter Burgess intervened alleging that for convenience in obtaining insurance record title to said automobile was placed in plaintiff’s name but actual title remained in intervenor at all times. The trial court rejected plaintiff’s demands and confirmed the ownership of intervenor.
Burgess began living in plaintiff’s home in 1942 and lived there continuously until 1966. On December 9, 1964 he purchased the automobile in question from Nichols Ford, Inc. of Rayville, Louisiana, using his own funds. He drove the car until he was unable to obtain liability insurance because of age and infirmity. On March 9, 1965 Eunice Hackworth and Burgess went to the home of Lula Mae Hackworth, plaintiff’s sister, and signed an instrument which purported to transfer title to the car from Burgess to Eunice Hackworth. Mrs. John Gallagher, Jr. and L. M. Hackworth signed as witnesses. Later Eunice and Lula Mae Hackworth secured the notarial services of Sidney Kahn and had the act of sale notarized. Kahn telephoned Burgess to ask him whether he had signed the document and if he should notarize it. Burgess replied in the affirmative. The act recites a consideration of $500, but all parties concede no consideration was passed.
Burgess continued to live in the home of the plaintiff until August 1966. During that period he had a chauffeur, Willie Johnson, drive him wherever he wanted *408 to go and had complete control and possession of the vehicle. Mrs. Hackworth occasionally used the car to go to Shreveport and Texarkana, and to drive around Monroe.
In August, 1966 because of his deteriorating physical condition, Burgess moved from the home of Mrs. Hackworth to the home of his daughter, Mrs. Jane Barham where the car remained until Burgess entered a hospital on January 25, 1967 suffering from arteriosclerosis.
Shortly after the hospitalization of Burgess, plaintiff made demand upon Jane Barham for possession of the automobile. Upon defendant’s refusal, this suit was instituted.
Appellant contends the act of sale transferred title to her and alternatively that it constituted a donation. Further it is argued the sale should not be considered as simulated as it was made to achieve an unlawful purpose. Intervenor takes the position that the document was effected for convenience to obtain insurance and that he never intended to convey, nor plaintiff to acquire, ownership of said automobile.
Registration of a motor vehicle under the Vehicle Certificate of Title Law, LSA-R.S. 32:701, et seq., is not conclusive evidence of ownership. Whitten v. Travelers Insurance Company, La.App., 141 So. 2d 40 (2nd Cir.1962). Therefore, such titling of the motor vehicle in the name of Eunice Hackworth is not determinative of the ownership. The instrument purporting to transfer the automobile did not conform to the requirements of an authentic acts as defined in LSA-C.C. art. 2234 for it was not executed before a notary public or other officer authorized to execute such functions. In this instance the evidence discloses Burgess never intended to surrender his ownership or possession of the automobile and in truth the recited consideration of $500 was never paid. Nor was there any surrender of possession or delivery to plaintiff. The argument that the document constituted a valid donation is without merit. An authentic act is essential to the validity of a donation inter vivos of movable property. LSA-C.C. arts. 1536, 1538. The transaction may not be considered as effecting a manual gift under the provisions of LSA-C.C. art. 1539 since it was not accompanied by regular delivery. This fact is not only shown by the retention of the automobile but by intervenor’s payment of such items as automobile insurance, gasoline and maintenance.
As to plaintiff’s last contention, the court finds no merit in the argument that the transfer was effected in order for Burgess to take illegal and unfair advantage of the insurance company. The record shows that Burgess did not operate the car after the transfer and that he was not listed in the policy as being an insured operator of the vehicle. The policy listed Willie Johnson and Eunice Hackworth as being the only authorized operators of the vehicle.
For the above reasons, the judgment of the District Court rejecting plaintiff’s demands, confirming Burgess as owner of subject automobile, and ordering plaintiff to endorse the title registration to inter-venor within 15 days is hereby affirmed, with all costs assessed to plaintiff.