232 So.2d 803 (1970)
Neal F. PENDLETON, Jr., Individually and on Behalf of the Minor Child, Robin Pendleton
v.
Joseph C. RICCA, Father of the Minor Child, Joseph J. Ricca and State Farm Mutual Automobile Insurance Company.
No. 3745.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1970.
*804 LeBrun, Karno & Lockhart, Wallace C. LeBrun, Metairie, for plaintiff-appellant.
Arthur G. Kingsmill, Gretna, Drury & Lozes, Felicien P. Lozes and Sessions, Fishman, Rosenson & Snellings, Curtis H. Boisfontaine, New Orleans, for defendants-appellees.
Before HALL, LeSUEUR and DOMENGEAUX, JJ.
HALL, Judge.
This is a suit for damages brought by Neal F. Pendleton, Jr. on behalf of his thirty-two month old son, Robin, for injuries sustained by the child when he was struck by a car being parked by defendant, Joseph C. Ricca's nineteen year old son, Joseph J. Ricca. Also named as defendant is State Farm Mutual Automobile Insurance Company made defendant under the Uninsured Motorist provision of plaintiff's own automobile insurance policy.
State Farm Mutual Automobile Insurance Company answered the suit denying that Joseph J. Ricca was in any way negligent in executing the parking maneuver and alternatively pleading the contributory negligence of Neal F. Pendleton, Jr. and his wife in failing to properly supervise and care for their child by allowing him to play unattended near the curb of a heavily traveled street.
Defendant, Joseph C. Ricca, answered the suit denying any negligence on the part of his son in parking the automobile which struck plaintiff's child and alleging that the sole cause of the accident was the negligence of the two and one-half year old child, Robin. In the alternative Mr. Ricca pleaded the contributory negligence of plaintiff and his wife in failing to supervise and properly care for their child by allowing him to play unattended near the curb of a heavily traveled street.
Joseph C. Ricca filed a third party petition against American Employers' Insurance Company alleging that the 1949 Plymouth automobile involved in the accident was afforded coverage under the terms of an automobile liability insurance policy issued by American Employers, which policy was to expire March 5, 1965. The accident occurred on February 27, 1965.
The third party plaintiff alleged that American Employers' Insurance Company refused to defend him in this action, and this refusal was arbitrary and capricious, and therefore the insurance company was responsible to him for attorney's fees and penalties.
*805 American Employers' Insurance Company in answer to the third party petition of Joseph C. Ricca denied all allegations and pleaded the policy of insurance and all the special defenses plead by the original defendant.
Plaintiff, Neal F. Pendleton, Jr., filed a supplemental and amended petition alleging that American Employers' Insurance Company had in effect at the time of the accident a policy of liability insurance covering the 1949 Plymouth which was being driven by Joseph J. Ricca at the time of the accident.
American Employers' Insurance Company filed an answer and third party petition to the original and supplemental petition denying that it afforded coverage on the 1949 Plymouth involved in the accident because of the fact that the automobile was not owned by its named insured and alternatively alleging that the acquisition of the automobile was not reported to the insurance company, as required by the policy, in order for coverage to be afforded thereon. American Employers further answered alleging there was no negligence on the part of Joseph J. Ricca in parking the automobile and that the accident was due solely to the negligence of Robin. Answering alternatively the insurance company alleged the contributory negligence of Neal Pendleton, Jr. and his wife. American Employers' third party petition called on Neal Pendleton, Jr. to respond in contribution, in the event they or the other defendant was found to be indebted to the plaintiff.
State Farm in light of the supplemental petition of the original plaintiff in which American Employers' Insurance Company was made a party defendant, filed an exception of no right or cause of action to the supplemental and amended petition. The exception was based on plaintiff's allegation that Joseph J. Ricca was insured at the time of the accident by American Employers' Insurance Company. This exception evidently was referred to the merits.
Joseph C. Ricca answered the supplemental and amended petition of Neal Pendleton, Jr. reiterating the defenses urged in the original answer and denying all liability by himself or American Employers' Insurance Company.
Joseph C. Ricca filed a reconventional demand reiterating all his allegations contained in his answer and third party petition previously filed and prayed that defendant in reconvention, Neal Pendleton, Jr., be made to contribute his proportionate share of the judgment if judgment is rendered against plaintiff in reconvention.
Following trial on the merits judgment was renderd adversely to the plaintiff and in favor of all defendants, and adverse to all cross claimants and third party plaintiffs.
From this judgment plaintiff, Neal F. Pendleton, Jr. appealed. An appeal was likewise taken by Joseph C. Ricca, third party plaintiff, from the rejection of his third party claim against American Employers' Insurance Company.
The only witness to the accident was Joseph J. Ricca, the nineteen year old son of the defendant, who was in the military service at the time of the trial. His deposition was introduced into evidence by consent of counsel. The accident occurred in front of the house of plaintiff's neighbor.
Joseph J. Ricca's account of the accident is as follows:
On February 27, 1965, he was driving a 1949 Plymouth automobile on Utopia Street in the Parish of Jefferson on his way to visit a friend who lived next door to plaintiff's residence. As he approached his friend's house he noticed two cars parked in front with a space in between sufficient to accommodate his car. He drove his vehicle up parallel to the front car, stopped and backed up into the space between the two parked cars. Having backed his car into this space he started his car forward to straighten it out when he heard a child *806 scream. He opened the right door of his car and observed two and one-half year old Robin lying partially on the curb and partially under the car. The first time Ricca saw the child was when he opened his car door. Ricca testified that as he drove past the place where he intended to park he looked to see if anyone was in the vicinity and before backing into the space he looked to the rear to see if the space was clear and continued looking over his shoulder as he executed his backing maneuver. At no time did he observe plaintiff's child or any other children in the vicinity of the parking space. Ricca testified that he had been in the neighborhood many times and had on occasion seen children playing in the yard and for this reason he observed extra precautions driving in that neighborhood. There were no other witnesses to the accident.
As a result of the accident Robin Pendleton received minor injuries and was taken to the hospital.
With regard to the negligence of Joseph J. Ricca we are in complete accord with and adopt as our own the following excerpt from the Trial Judge's written "Reasons for Judgment":
"A careful scrutiny of the testimony of Joseph J. Ricca, the driver of the automobile involved, fails to disclose that he was guilty of negligence. It reflects that he did look to his right, as he passed the vacant parking space, and did not observe the presence of the Pendleton child, or any children in the area or in the adjoining front yards.
"His method of parking the automobile, as regards its movement and rate of speed, were in the normal, customary and accepted manner. Predicated upon his statements, relative to this aspect of the matter, he apparently maintained a continuing, reasonable, and prudent observation of surrounding conditions, commensurate with the care required in the execution of this type of vehicular movement.
"There is no reason to suspect the testimony of this witness, nor to doubt his credibility. Because of his absence, due to active military duty, the deposition of the driver, Joseph J. Ricca, was submitted into evidence, in lieu of his testimony in open Court. His answer to the questions propounded were direct, unequivocal and uncontradictory. It must therefore be concluded that the only evidence presented, substantiates and confirms the finding that the child's presence was not discoverable by the defendant before, or while in the process of parking his automobile. Any attempt to locate the position of the child during this time would be pure speculation and conjecture, save and except that he had to be in the immediate vicinity, but not necessarily that his presence was discoverable.
"Therefore having determined that the plaintiff failed to establish with legal sufficiency, that the defendant saw or should have timely discovered the presence of the child and therefore could have, by reacting as a reasonable and prudent person, avoided injury to the minor, it must be concluded that Mr. Pendleton has not sustained the right to recovery by a preponderance of evidence and accordingly, his claim for damages is rejected."
The only remaining question before us is the third party demand of Joseph C. Ricca against American Employers' Insurance Company wherein third party plaintiff claims to be entitled to penalties and attorney's fees as a result of third party defendant's failure to defend him in this action under the provisions of a Family Combination Automobile Insurance Policy issued by American Employers' to him covering a 1961 Chevrolet Station Wagon.
American Employers' denied coverage under the policy on the ground that the 1949 Plymouth automobile involved in the accident was not owned by its named insured, Joseph C. Ricca, and alternatively *807 alleged that the acquisition of the 1949 Plymouth was not reported to the insurance company as required by the policy in order for coverage to be afforded thereon.
The policy in question covered injuries "* * * arising out of the ownership, maintenance or use of the owned automobile * * *."
"Owned automobile" is described in the policy as being:
"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded.
"(b) * * * * *
"(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period provided,
"(1) * * * * *
"(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile or
"(d) * * * * *."
The issue presented to the Court for determination depends upon whether the named insured, Joseph C. Ricca, was the owner of the 1949 Plymouth involved in the accident. If so the policy afforded him coverage and he is entitled to attorney's fees demanded by him. If not then his third party demand was properly dismissed.
The facts as revealed by the record are as follows:
Joseph C. Ricca, the father of the Ricca boy, purchased the 1949 Plymouth involved in the accident in his own name as evidenced by a bill of sale from Mary L. Tanner to him dated February 24, 1965. The purchase price of the car was $50.00 which the testimony shows was paid for with money furnished him by his minor son, Joseph J. Ricca, from the son's earnings from a part-time job. The car was registered in the father's name. The father testified that the car was put in his name for convenience only and was bought so his son could have transportation to and from school and work, although the father himself used the car on several occasions going to and from his own work. He further testified that his son used the car with his permission and knowledge and that he had permission to use it on the day of the accident. After the son left for military service the father sold the car for $25.00 which he testified he placed in his bank account and was holding for his son.
We are of the opinion that as to third persons, including American Employers' Insurance Company, the father was the legal owner of the car, irrespective of the status of ownership as between the father and his minor son.
The alternative contention of the insurance company that the acquisition of the 1949 Plymouth was not reported to the insurance company as required by the policy in order for coverage to be afforded thereon is without merit.
The 1949 Plymouth involved in the accident was purchased by Joseph C. Ricca on February 24, 1965 approximately three days before the accident and nine days prior to the expiration date of the policy.
The Plymouth was automatically covered under the terms of the policy the moment Joseph C. Ricca purchased it and such automatic coverage continued for a period of 30 days or until the end of the policy period, whichever was shorter, irrespective of notice to the insurer. See Matthews v. Marquette Casualty Company, La.App., 152 So.2d 577, 581.
"Where the accident takes place within the notice period but before any notice *808 has been given it has been generally held, on the theory that the requirement of notice is a condition subsequent rather than a condition precedent to extended coverage, that such coverage is automatically effected upon delivery of the new automobile and remains in effect until the end of the specified period, irrespective of whether or not notice has been given. That is, notice is not required to provide coverage which is automatic during the specified time period. Hence an automobile liability policy which provides coverage as of the date of delivery of another automobile provided notice is given the insurer within 30 days following the date of delivery, covers injuries to third persons during the 30 day period even though the insured had not notified the insurer of the replacement of his automobile at the time of the accident * * *"
Couch on Insurance, 2nd Edition, Vol. 12, § 45:205, page 251.
See also: Blashfield Automobile Law and Practice, Vol. 7, Sec. 316.6, pp. 671 et seq.; Appleman Insurance Law and Practice, Volume 7, Section 4293 at page 87; Annotation 34 A.L.R.2d page 944.
Since the accident in this case took place within the notice period the lack of notice to the insurer did not defeat the automatic coverage of the newly acquired automobile.
For the foregoing reasons we are of the opinion that American Employers' Insurance Company was obligated under the terms of the policy to defend this action on behalf of Joseph C. Ricca and its failure to do so renders it liable to Joseph C. Ricca for attorney's fees.
At the trial it was stipulated that if judgment be rendered in Ricca's favor for attorney's fees it "should be in the amount of $250.00 as of the date of this trial." Ricca prays that this amount be increased by $1,000.00 because of the additional burden placed upon him by virtue of this appeal, citing Michel v. Guillot, 186 So.2d 880, writs refused 249 La. 709, 190 So.2d 231. We are of the opinion that an additional fee of $100.00 for the appellate work should be sufficient.
For the foregoing reasons the judgment appealed from is reversed insofar as it dismissed the third party demand of Joseph C. Ricca against American Employers' Insurance Company for attorney's fees and judgment is now rendered in favor of Joseph C. Ricca, third party plaintiff and against American Employers' Insurance Company, third party defendant, in the full sum of $350.00, together with legal interest thereon from judicial demand until paid and for all costs expended by Joseph C. Ricca in defense of this suit. In all other respects the judgment appealed from is affirmed; costs of both appeals to be paid by Neal F. Pendleton, Jr., plaintiff in main suit.
Affirmed in part; reversed in part and rendered.