272 So.2d 788 (1973)
Christine Tyler KNOTTS, Individually and as Administratrix of Larry Edwin Knotts, Plaintiff-Appellant,
v.
HARDWARE MUTUAL CASUALTY CO. et al., Defendants-Appellees.
No. 11995.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
Rehearing Denied February 6, 1973.
*789 Charles B. Bice, Winnfield, for plaintiff-appellant.
Goff & Goff, by A. K. Goff, III, Ruston, for defendants-appellees.
Before AYRES, HEARD, and HALL, JJ.
En Banc. Rehearing Denied February 6, 1973.
HEARD, Judge.
Plaintiff, Christine Tyler Knotts, brought this action individually and on behalf of her minor son, Larry Edwin Knotts, for medical expenses and personal injuries suffered by the latter while a guest passenger in a 1965 Ford Mustang. The accident occurred on January 16, 1968 in the Mustang owned by E. L. Meredith, Jr. and being driven by a minor, Stephen Oscar Warren, resulting in the injuries received by Larry Edwin Knotts. Made defendants in the original petition were Hardware Mutual Casualty Company, Jonesboro Concrete Company, Inc., Robert Salter, as liquidator of the concrete company, E. L. Meredith, Jr., individually and as administrator of his minor child's estate, and Oscar Warren, individually and as administrator of his minor child's estate. A second amended petition for damages was later filed making American Employers' Insurance Company a party defendant, alleging it to be the insurer of the automobile involved. By motion the actions against Hardware Mutual, Jonesboro Concrete, Salter, and Meredith were dismissed. American Employers' moved for a "declaratory" judgment, alleging that it did not cover the automobile involved, as no notice of its acquisition was given to the company as provided in the policy. This motion was sustained, and plaintiff appealed. This judgment is reversed and remanded.
E. L. Meredith, Jr. purchased the 1965 Mustang November 20, 1967. Both then and on the date of the accident, January 16, 1968, American Employers' had a policy in effect specifically covering a 1965 Chevrolet owned by Meredith for the policy period of June 21, 1967 to June 21, 1968. "Owned automobile" is defined in the policy as being:
(a) A private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates coverage is afforded,
(b) * * * * * *
(c) A private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided
(1) * * * * *
(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or
(d) * * * * * *
(emphasis ours)
American Employers' contends its policy covering the 1965 Chevrolet did not cover the Mustang involved in the accident because Meredith never notified the company of its acquisition within the 30 day or policy period as required. American Employers' first notice of both the acquisition and the accident came when it was served with plaintiff's second amended petition, April 2, 1969. Plaintiff's contention is that the car was covered under the "automatic coverage period" provided for newly acquired automobiles under the policy which is either 30 days from acquisition or during the *790 policy period. The trial court ruled that an additional automobile of the insured is automatically covered until 30 days following its delivery, but that such coverage ceases at the end of that time if the insured fails to give the required notice to his insurer. As there was no notice given by Meredith during that period, the coverage ceased upon expiration. With the exception of Pendleton v. Ricca, 232 So.2d 803 (La.App.4th Cir. 1970), the cases cited by the court as authority for its ruling dealt with policies providing notice periods of only 30 days and not the expanded language of the policy under consideration. See Matthews v. Marquette Casualty Company, 152 So.2d 577 (La.App.2d Cir. 1963); Green v. American Home Assurance Company, 169 So.2d 213 (La.App.2d Cir. 1964); Collard v. Globe Indemnity Company, 50 So.2d 838 (La.App.1st Cir. 1951). These cases are thus inapposite.
The Pendleton case, upon which both sides rely, involves the same notice provision as the instant case but a different factual situation. The car involved in that case was purchased by Ricca on February 24, 1965, approximately three days before the accident and nine days prior to the policy expiration date. No notice was given to Ricca's insurer, and it was contended by the insurer that as a result no coverage was afforded him, citing Matthews, supra. However, the court held that the car was automatically covered under the terms of the policy the moment Ricca purchased it, and such automatic coverage continued for a period of 30 days or until the end of the policy period, whichever was shorter, irrespective of notice to the insurer, (p. 807). While concurring with the result in Pendleton, we do not agree with its interpretation of the notice clause and do not find this controlling. The Matthews case, as stated above, is no authority for such a conclusion under an expanded notice term, nor can the express notice provision be held to be anything other than what it clearly states. In both Pendleton, supra, and the instant case, the notice provision states the insured has during the policy period or within 30 days after the date of acquisition in which to notify the insurer.
The general rule is expressed as follows:
"Where the accident takes place within the notice period but before any notice has been given it has been generally held, on the theory that the requirement of notice is a condition subsequent rather than a condition precedent to extended coverage, that such coverage is automatically effected upon delivery of the new automobile and remains in effect until the end of the specified period, irrespective of whether or not notice has been given. That is, notice is not required to provide coverage which is automatic during the specified time period...."
[Couch on Insurance 2d, Vol. 12, § 45:205, p. 251]
See also Appleman Insurance Law and Practice, Vol. 7, § 4293; Blashfield Automobile Law and Practice 3d, Vol. 7, § 316.6; 34 A.L.R.2d 944; Pendleton v. Ricca, supra. The accident in the instant case occurred on January 16, 1968, over five months prior to the expiration period and thus prior to the expiration of the notice period. Since the notice period had not expired at the time of the accident, American Employers' did provide automatic coverage on the newly acquired Mustang regardless of Meredith's failure to notify it. Pendleton v. Ricca, supra; St. Paul Mercury Insurance Company v. Pennsylvania Lumbermen's Mutual Insurance Company, 378 F.2d 312 (4th Cir. 1967); Travelers Indemnity Company v. Gaitings, 306 N.Y. S.2d 224 (1969); National Union Fire Insurance Company v. Falciani, 208 A.2d 422 (1965).
For the foregoing reasons, we are of the opinion that American Employers' Insurance Company did afford coverage to Meredith under the terms of its policy and that the judgment sustaining the motion for a "declaratory" judgment is reversed and remanded at appellee's cost.