295 So.2d 888 (1974)
John R. DINKINS, Plaintiff-Appellant,
v.
Jack Clelons LYONS et al., Defendants-Appellees.
John Percy DINKINS, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
Nos. 12312, 12313.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
*889 James B. Wells, Bossier City, for plaintiffs-appellants.
Brittain & Williams, by Jack O. Brittain, Natchitoches, for Southern Farm Bureau Cas. Ins. Co.
Theus, Grisham, Davis & Leigh, by J. Bachman Lee, Monroe, for Jack C. Lyons.
Cook, Clark, Egan, Yancey & King, by Benjamin C. King, Shreveport, for Grain Dealers Mut. Ins. Co.
Before BOLIN, PRICE and HALL, JJ.
PRICE, Judge.
These two tort actions have been consolidated for the purpose of trial and appeal as they involve common issues of law and fact. The plaintiffs in each of the suits were guest passengers in a 1969 Pontiac automobile driven by Richard Beard which was involved in a collision with another vehicle in Webster Parish on May 4, 1971. Plaintiffs, as well as another guest passenger, Reuben H. Porterfield sustained physical injuries as a result of the accident. At the time of this incident the title to the Pontiac automobile was registered with the Louisiana Department of Revenue, Motor Vehicle Division, in the name of Jack Clelons Lyons, the father-in-law of Beard.
In the action brought by John R. Dinkins, damages are sought primarily against Beard, Lyons and State Farm Mutual Automobile Insurance Company, the liability insurer of Lyons under a policy covering a Chevy II automobile belonging to Lyons. It is contended this policy affords coverage to the Pontiac involved herein under the "newly acquired vehicle" clause as this automobile was acquired in Lyons name on April 19, 1971, less than thirty days prior to this accident happening on May 4, 1971, and was being operated by Beard as Lyons' permittee.
Alternatively, this plaintiff seeks recovery from Southern Farm Bureau Casualty Insurance Company, his own liability insurer, under the uninsured motorist provision of the policy.
John Percy Dinkins in the suit filed by him seeks damages against Lyons and Beard. Additionally, he alleges no liability insurance was in effect on the Pontiac and seeks to recover his damages under the uninsured motorist provisions of his policy of liability insurance also issued by Southern Farm Bureau Casualty Insurance Company.
In denying the claims of the plaintiffs for uninsured motorist protection in each of these suits, Southern Farm Bureau under appropriate proceedings seeks to show *890 liability insurance was afforded on the Pontiac by State Farm.
State Farm, by exceptions filed in each action, denies coverage was extended to the Pontiac registered in the name of its assured, Lyons, because Lyons was never the owner of this vehicle, which was actually bought and owned by his son-in-law, Beard, and that registration of title in Lyons' name was done merely to enable Beard, an eighteen year old youth with inadequate credit sharing, to finance the purchase of the automobile.
There are various other incidental or reconventional demands filed in both actions which are not necessarily pertinent to the issue projected on this appeal and for simplicity no recitation of these demands is attempted.
Lyons and State Farm filed a motion for summary judgment in each of these actions, alleging there is no genuine material issue of fact as to the circumstances surrounding the acquisition and ownership of the Pontiac, and in support of their motion these parties incorporate by reference the entire record of the suit brought by Reuben H. Porterfield against Lyons and State Farm involving the identical question of ownership of the Pontiac which was decided favorably for movers by the district court and no appeal taken by the losing parties.
The trial judge sustained these motions and judgment was rendered dismissing Lyons and State Farm as defendants in each of these suits.
Southern Farm Bureau and plaintiffs, John P. and John R. Dinkins, have devolutively appealed.
The sole issue presented is whether the registration of the title to the Pontiac automobile in the name of Lyons is conclusive to the question of ownership in determining whether this vehicle is extended coverage by his liability insurance policy then in effect with State Farm on another Automobile (Chevy II) under the "newly acquired vehicle" clause.
The uncontroverted facts relating to the ownership of the Pontiac vehicle as shown by the transcript of testimony in the Porterfield suit made a part of the motion for summary judgment are substantially as follows:
In mid-April, 1971, Richard Beard, a resident of Minden, approached his father-in-law, Jack Clelons Lyons, about using his credit rating to procure financing for an automobile he wished to buy from an individual. Beard was only eighteen years of age at the time and about to enter military service which impaired his ability to procure a loan. Lyons, an illiterate person, agreed to assist Beard in obtaining financing. On April 19, 1971, Lyons and his wife accompanied Beard to a finance company office on Texas Avenue in Shreveport, where Lyons was asked to sign a number of papers. He could not read. His writing ability is limited to his personal signature. He testified no explanation was made to him of the various papers he signed. The Pontiac was delivered to Beard at this time and was taken by Beard and his wife to their home in Minden. Lyons and his wife returned to their residence in Sibley. Lyons had no knowledge of the purchase price, name of the seller, nor did he pay any portion of the down payment. All payments on the mortgage were thereafter paid by Beard. Lyons has never driven or had any possession of this vehicle. He testified he did not intend to become owner, nor was he aware the title to the Pontiac vehicle was being placed in his name. He testified he thought he was co-signing so his son-in-law could get credit to purchase the car.
The police officer who investigated the accident which happened some fifteen days after purchase of the vehicle, testified when he asked Beard who the automobile belonged to Beard replied Lyons had signed for him to get the car as he was only eighteen and therefore it was registered in Lyons' name.
*891 On the basis of this testimony the trial judge concluded the actual owner of the vehicle was Beard, and therefore no coverage was afforded by the State Farm liability policy insuring Lyons.
Appellants rely on the decision in the case of Pendleton v. Ricca, 232 So.2d 803 (La.App. 4th Cir. 1970) in arguing the registration of title in the name of Lyons makes him the "owner" of the subject vehicle for the purposes of determining coverage under his State Farm liability policy. Pendleton involved the determination of whether an automobile bought by a father for his minor son out of the son's earnings and titled in the father's name, was an "owned car" for the purposes of coverage under the father's liability policy. The court held that as to third parties the father was the legal owner of the car regardless of the status of ownership between father and son.
The facts and circumstances of the instant cases are sufficiently different from those in Pendleton to justify this court reaching a different result from that obtained in Pendleton without necessarily disagreeing with that decision. In Pendleton the father made all negotiations for the purchase of the car and intended the title and apparent ownership be placed in his name rather than that of his son.
In the instant case, Lyons had nothing to do with the purchase negotiations, and is shown he had no awareness that the vehicle was being titled in his name. He merely believed he was co-signing for a credit transaction for his son-in-law to help him obtain the necessary financing.
In Ballard v. McBryde, 275 So.2d 464 (La.App. 2d Cir. 1973) this court commented on the purpose of the law requiring registry of title to vehicles as follows:
"We are of the opinion the Vehicle Certificate of Title Law is designed to afford the public a means of proper determination of ownership and encumbrance of vehicles subject thereto and to protect innocent purchasers who have relied thereon."
The appellants herein are not within the class of persons sought to be protected by this statute. There are a number of decisions holding that the enactment of the Vehicle Title Registration Act did not intend to supersede the Civil Code Articles relating to sales of movables but to only modify these in certain respects. Luke v. Theriot, 195 So.2d 685 (La.App. 1st Cir. 1967); Thibeau v. LeBlanc, 198 So.2d 707 (La.App. 1st Cir. 1967); Scott v. Continental Insurance Company, 259 So.2d 391 (La.App. 2nd Cir. 1972); Hackworth v. Barham, 210 So.2d 407 (La.App. 2nd Cir. 1968).
We conclude under the circumstances presented in these cases Lyons was not the real owner of the Pontiac at the time it was registered in his name, and thus no coverage was afforded to this vehicle by his liability insurer, State Farm.
For the foregoing reasons the judgments appealed from are affirmed at appellants' costs.