306 So.2d 853 (1975)
Mrs. Beatrice GRANT, Plaintiff-Appellee,
v.
Lelia Caine Harrison ANDERSON, Defendant-Appellant.
No. 12495.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1975.
Henri Loridans, Bossier City, for defendant-appellant.
James B. Wells, Bossier City, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
PRICE, Judge.
Defendant, Lelia Caine Harrison Anderson, has appealed from an adverse judgment dissolving her seizure of a truck under a writ of fieri facias and awarding damages to plaintiff, Beatrice Grant, who contends she acquired ownership of the *854 property from defendant's judgment debtor, James Anderson, prior to the seizure. The events leading up to this proceeding are substantially as follows:
In a separate suit Lelia Anderson was awarded judgment making past due alimony from her former husband, James W. Anderson, executory. On February 15. 1974, she requested a writ of fieri facias issue under the judgment directing the seizure of a 1969 Ford Pickup truck which was owned by Anderson prior to his marriage to defendant herein. After seizure by the sheriff this proceeding was filed by Beatrice Grant seeking to enjoin the sale of the vehicle on allegations that she had purchased the truck from Anderson on July 9, 1973. Mrs. Grant also asks for damages resulting from the wrongful seizure of her property.
On trial of the matter defendant sought to prove the purported transfer of title to the truck from Anderson to Mrs. Grant was a simulation and that Anderson, in truth and fact, continued to be the owner.
The evidence shows there was a close relationship between Anderson and Mrs. Grant and that at the time the disputed transfer took place Anderson lived in a house trailer in a trailer park belonging to plaintiff near Doyline. Mrs. Grant resided in a residence on the site of the park and commuted to her business in Bossier City daily. The transfer of title from Anderson to plaintiff took place some three days prior to his beginning proceedings against defendant for a divorce.
Anderson testified he sold the truck to plaintiff for $200.00 cash because he anticipated the Internal Revenue Service was about to seize the truck for unpaid taxes of $600.00. Defendant submitted testimony that Anderson has continued to use the truck since the transfer and Anderson admits in his testimony plaintiff allowed him the unrestricted use of this vehicle. The evidence also shows Anderson had no other means of transportation. Although plaintiff testified she bought the truck for use in connection with her child care nursery in Bossier City and that it was driven by her and a maid on occasions, this testimony is uncorroborated.
Plaintiff's evidence seeking to uphold the validity of the sale consists of the proof of registration of title in her name, the procurement of insurance on the vehicle and the testimony of plaintiff and Anderson that a cash consideration was paid. Both of these parties further testified Anderson did some work for plaintiff at the trailer park for which he was paid by check, and as he was employed part-time by plaintiff, it was not unusual for him to be allowed the use of the truck.
The trial judge, in reasons dictated into the record at the conclusion of the trial, apparently relying on the provisions of La.C.C.P. art. 3506 relating to attachment and sequestration, applied a more onerous burden on defendant than she should have been required to sustain. Our interpretation of the comments made by the trial court suggest defendant was required to carry the burden of proving not only suspicious circumstances but to go forth and prove no actual consideration was paid.
We do not find Article 3506 has any applicability to this action which arises from a seizure under a writ of fieri facias. Procedurally this case is analogous to LeJeune v. Cormier, 50 So.2d 482 (La.App.1st Cir. 1951). To resolve the burden of proof reference should be to the provisions of La.C.C. Art. 2480, which provides:
"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."
*855 The proof required to sustain an allegation of simulation of a sale was discussed by this court in Dare v. Myrick, 168 So.2d 845, (La.App.2nd Cir. 1964), as follows:
"Simulations may ordinarily, because of their nature, be established only by indirect or circumstantial evidence. While the burden of proof generally rests upon those who attack transactions as simulated, yet, if they produce evidence of circumstances which create highly reasonable doubts as to the honesty and reality of the transactions, prima-facie cases of simulation are deemed to have been established, and the burden of proof is thereby shifted to the opposition to show that such transactions are genuine. * * *
"The existence of suspicious circumstances, among which are to be considered the continued possession by the vendor, the close relationship of the parties to a sale, and the failure to satisfactorily explain the payment of the purchase price, are entitled to great weight, and the existence thereof may be accepted as evidence of the simulated character of the sale. * * *
"Thus, under LSA-C.C. Art. 2480, where a person remains in possession of property that he sells, there is a presumption that the sale is simulated. This presumption is strengthened if the sale is made to a close relation of the seller, particularly where the purchaser is unable to satisfactorily explain the payment of the price. The record abundantly supports the establishment of these facts which create highly reasonable doubts as to the honesty and reality of the transaction herein concerned. Defendant's evidence, as heretofore pointed out, does not overcome a primafacie case established by plaintiffs."
We are of the opinion the admitted unrestricted use of the truck by Anderson after the ostensible sale of the vehicle amounts actually to a continuation of possession. The transfer of title in accord with LSA-R.S. 32:701 et seq., is not conclusive evidence of ownership. Hackworth v. Barham, 210 So.2d 407 (La.App.2nd Cir. 1968).
We find the evidence presented by defendant to create a presumption of simulation and that plaintiff has not offered sufficient evidence to establish consideration was paid for the truck.
It is unlikely plaintiff used cash in this instance when her own evidence shows she used checks in all other financial transactions with Anderson. There is also a variance in her testimony and that of Anderson as to the denomination of the currency used. She contends she paid in five and ten dollar bills. He testified he received two one hundred dollar bills. Although Anderson contends he deposited the cash received in his bank account within a couple of days after the alleged sale, he did not offer any evidence to show this was done. Such proof was within his power to adduce at a minimum of inconvenience, and his failure to present it weakens his testimony in this regard.
Our evaluation of the evidence presented in accord with Article 2480 and the prevailing jurisprudence leads us to the conclusion the purported sale of the vehicle was a simulation and that its seizure by the sheriff under the writ of fieri facias as being the property of James W. Anderson was proper.
For the foregoing reasons the judgment appealed from is reversed and the demands of plaintiff, Beatrice Grant, are dismissed. All costs of these proceedings, including costs of this appeal, are to be paid by plaintiff.