FORET, Judge.
To the October 25, 1976, issuance of a writ of fieri facias on behalf of plaintiff Mary Ann Primeaux to satisfy judgments against defendant William Harvey Hinds, plaintiff’s former husband, and the consequent seizure of the painting “Timber Road”, from the Evangeline Art Galleries in Lafayette, Louisiana, Richard R. Grayson filed an intervention, in which he claimed that he was the owner of the painting and prayed for injunctive relief and damages for wrongful seizure. From judgment denying (1) issuance of injunctive relief, (2) damages for wrongful seizure, and (3) granting $250.00 as attorney fees for the dissolution of the temporary restraining order existing during the pendency of the proceedings, Grayson appeals.
Appellant assigns the following as errors of the trial court:
1. The trial court judgment is in error because the trial judge erroneously decided the whole case instead of deciding the issue which was before him.
2. The trial court judgment is in error because the trial judge failed to hold the intervenor proved a prima facie case and thereby failed to grant a preliminary injunction. The trial court judgment is in error because the trial judge applied the wrong burden of proof by applying the burden of preponderance of the evidence rather than applying the burden of prima facie case.
3. The trial court judgment is in error because the trial judge erroneously awarded attorney’s fees in favor of the petitioner when absolutely no evidence whatsoever was introduced by the petitioner supporting an award of attorney’s fees.
We affirm the ruling, and adopt the trial court’s well-stated reasons therefor.
“On January 23, 1973, Mary Ann Pri-meaux obtained a judgment against her former husband, William Harvey Hinds, making past due support executory in the amount of $6,070.00. On October 25, 1976, the judgment creditor caused to be issued a writ of fieri facias commanding the sheriff of the Parish of Lafayette to seize an oil painting entitled “Timber Road” allegedly owned by the defendant. The sheriff seized the painting, however, the defendant could not be served with a notice to pay because he was absent from the State of Louisiana. An attorney was appointed to represent the absentee defendant and the notice to pay was served upon the attorney. Prior to the Sale of the painting by the sheriff, Richard R. Grayson, a resident of the State of Mississippi, intervened in these proceedings alleging ownership of the painting by virtue of a sale dated August 4,1976. He seeks to enjoin the sale and asks for damage for the unlawful seizure of his property. Grayson obtained a temporary restraining order preventing the sale and this matter came on for hearing on the rule for a preliminary injunction.
“On the trial of the matter, defendant, Mary Ann Primeaux, sought to prove that the purported sale of the painting was a simulation and that William Harvey Hinds, the judgment debtor, continued to be the owner in truth and fact.
“The evidence shows that at the present time, as well as at the time the disputed transfer took place, Grayson lives about four hundred (400) yards from Hinds in Waverland, Mississippi, and is friendly with Hinds. Grayson testified that he purchased the painting from Hinds on August 4,1976, and introduced a purported written contract of sale. He said that he paid $5,000.00 cash for the painting. His testimony was vague as to where the $5,000.00 came from other than that he had $5,000.00 cash available. He stated that he was employed at a salary of approximately $17,000.00 per year. Grayson admitted that he had never received possession of the painting. He did not offer the testimony of Hinds nor did he offer any evidence other than the bill of sale to corroborate his claim of ownership.
*1312 “During the first part of September, 1976, the subject painting was delivered to Carl Trego, the proprietor of Evangeline Galleries in the City of Lafayette, Louisiana, by William H. Hinds, the artist who created the painting. Hinds requested that Trego frame the painting and show it in his studio. At this time, upon inquiry by Tre-go, Hinds stated that the sales price of the painting was $9,000.00. Trego had purchased twenty-five (25) prints of a two hundred (200) limited edition of the painting. Trego testified that the painting was not signed by the artist and that the painting would not be sold unless the artist affixed his signature. There was nothing to indicate that Hinds was not the owner of the painting until the intervention was filed by Grayson.
“The burden of proof where the seller retains possession is controlled by LSA-C.C. Art. 2480 which provides:
‘In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.’
“In the recent case of Grant v. Anderson, 306 So.2d 853 (La.App., 2d Cir. 1975), writs refused, the Court discussed the proof required to sustain an allegation of simulation under Article 2480, and referred to the following language from Dare v. Myrick, 168 So.2d 845 (La.App. 2d Cir. 1964):
‘Simulations may ordinarily, because of their nature, be established only by indirect or circumstantial evidence. While the burden of proof generally rests upon those who attack transactions as simulated, yet, if they produce evidence of circumstances which create highly reasonable doubts as to the honesty and reality of the transactions, prima-facie cases of simulation are deemed to have been established, and the burden of proof is thereby shifted to the opposition to show that such transactions are genuine. * *
‘The existence of suspicious circumstances, among which are to be considered the continued possession by the vendor, the close relationship of the parties to a sale, and the failure to satisfactorily explain the purchase price, are entitled to great weight, and the existence thereof may be accepted as evidence of the simulated character of the sale. * * * ’
“It is the opinion of this Court that the evidence creates a presumption of simulation and that Grayson has not offered sufficient evidence to establish that consideration was paid for the painting. Grayson admitted never receiving possession of the painting, even though the act of sale recited that the painting had been delivered to him. His testimony, as well as the testimony of Trego, establishes that Hinds retained such possession and dominion over the painting as to enable him to give good title to an innocent third person. These circumstances, coupled with the fact that Grayson and Hinds were friends and lived in close proximity, as well as the fact that Grayson was unable to produce sufficient evidence to establish that consideration was paid for the painting, leads to the conclusion that the purported sale of the painting was a simulation and that its seizure by the sheriff under the writ of fieri facias as being the property of Hinds was proper. Grant v. Anderson, supra, Lejeune v. Cormier, 50 So.2d 482 (La.App. 1st Cir. 1951).
“Furthermore, this Court is of the opinion that the painting is liable to seizure even in the absence of proof of a simulation. The Civil Code and jurisprudence repeatedly state that in the transfer and sale of movables, delivery is necessary to affect the rights of third persons. LSA-C.C. Arts. 1923 and 2247; Bullard v. Natlin [Nattin] [18 La.App. 75], 137 So. 551 (La.App. 2d Cir. 1931); Corbin v. Southern States Packing Co., 141 So. 523 (La.App. 1st Cir. 1932); Parker v. Berry, 98 So.2d 582 (La.App. 2d Cir. 1952).
“For these reasons there will be judgment in favor of defendant, Mary Ann Pri-meaux, and against petitioner, Richard R. *1313 Grayson, denying petitioner’s claim for in-junctive relief and damages at petitioner’s cost.”
I
FINALITY OF JUDGMENT
Intervenor-appellant Grayson contends that in proceedings in which preliminary and permanent injunctive relief are sought, the granting or denial of a preliminary injunction disposes of only that issue and does not dispose of the case for a permanent injunction, etc.; that disposition of the latter can only be done at a trial on the merits. Appellant cites Pizzitola v. Pace, 161 So.2d 441 (La.App. 4 Cir. 1964) and Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App. 1 Cir. 1971). These cases have held that in the absence of a stipulation of the parties to the contrary, the trial court cannot, upon denial of a preliminary injunction, also dispose of the demand for a permanent injunction and/or other demands.
LSA-C.C.P. Art. 1841 provides as follows:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
In Southwest Sales and Mfg. Co. v. Delta Exp., Inc., 342 So.2d 281 (La.App. 3 Cir. 1977), writ denied 345 So.2d 48 (1977), we stated:
It is settled that a judgment granting or withholding a preliminary injunction is an interlocutory judgment. A judgment granting a preliminary injunction is rendered upon a prima facie showing that the mover is entitled to that relief and that he will suffer irreparable injury if same is not granted. The sole purpose of a preliminary injunction is to preserve the existing status pending a full trial on the merits. Palama v. Livaudais, 179 La. 201, 153 So. 691 (La.1934); Picard v. Choplin, 306 So.2d 918 (La.App. 3rd Cir. 1975); Gulf Toy House, Inc. v. Bertrand, 306 So.2d 361 (La.App. 3rd Cir. 1975); State Board of Education Thru Southern University, etc. et als. v. Anthony, 289 So.2d 279 (La.App. 1st Cir. 1973) writ denied 292 So.2d 246 (La.). It is also settled that a trial court, in the absence of a stipulation to the contrary, cannot, upon denial of a preliminary injunction, dismiss the suit prior to a full trial on the merits for a permanent injunction. Jefferson Parish v. Universal Fleeting Company, 234 So.2d 88 (La.App. 4th Cir. 1970); Olsen v. City of Baton Rouge, 247 So.2d 889 (La.App. 1st Cir. 1971), writ denied, 259 La. 755, 252 So.2d 454.
We acknowledge the force of the above legal principles however, we think it to be equally well settled that where a judgment denying a preliminary injunction after a hearing on the rule also passes on the merits of the case and effectively disposes of all issues presented by the pleadings such judgment is a final judgment. Baton Rouge Production Credit Ass’n v. Newsom, 191 So. 154 (La.App. 1st Cir. 1939); Starnes v. Hawthorn, 24 So.2d 680 (La.App. 1st Cir. 1946); State ex rel. Roane v. Himel, 176 So. 413 (La.App. 1st Cir. 1937); Calhoun v. State of Louisiana, through Department of Highways, 152 So.2d 866 (La.App. 3rd Cir. 1963); Murry v. City of Oakdale, 276 So.2d 368 (La.App. 3rd Cir. 1973).
In Calhoun, supra, we stated:
In the instant suit the judgment appealed from is a final judgment, which disposes not only of plaintiff’s demand for a preliminary injunction, but also of his right to obtain a permanent injunction, his demand for judgment ordering defendant to relocate its servitude or right-of-way, and his demand that defendant be directed to complete its con *1314 tract for the construction of a highway. It is not merely an interlocutory decree ‘relating to a preliminary injunction,’ but it is a final decree disposing of the case on its merits. . . . ”
The trial court ruled upon all of the issues raised in appellant Grayson’s intervention. It denied issuance of the preliminary and permanent injunctions, the award of damages for a wrongful seizure; and made an award of $250.00 for attorney fees incurred in the dissolution of the temporary restraining order in existence at the time of the hearing on the rule for a preliminary injunction.
We find a reasonable evidentiary basis for the rulings of the trial court. In passing upon the application for a preliminary injunction, the trial court held that there was in fact no sale from Will Hinds to Grayson, of the portrait involved. Hence, there was no divestiture of title; the portrait still belongs to Will Hinds (or at least was not owned by Grayson); and consequently was subject to seizure and sale to satisfy the judgment of plaintiff, Mary Ann Primeaux. Having thus concluded, there can certainly be no damages awarded for wrongful seizure; and certainly there existed no grounds for a preliminary injunction enjoining the seizure and sale; and there was nothing further to be determined on trial on the merits. We note, in passing, that intervenor did not produce the testimony of Will Hinds to establish his ownership of the painting. Intervenor’s failure to do so certainly could be construed to mean that the testimony of Will Hinds would have been adverse to the claims of interve-nor. It would seem that when intervenor realized that the ownership of the painting had been put at issue by the plaintiff, that intervenor would have either called Will Hinds to testify, or at least the notary public who notarized the purported act of sale in the State of Mississippi.
We find no manifest error in the rulings of the trial court, and have no difficulty in affirming its judgment.
II.
ATTORNEY FEES
Intervenor-appellant Grayson alleges that the trial court erred in awarding attorney fees insofar as plaintiff Primeaux presented no evidence as to services rendered by her counsel and as to the time and cost thereof.
Attorney fees for the dissolution of a temporary restraining order or preliminary injunction are permitted by statute. LSA-C.C.P. Article 3608 provides:
“The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.”
Even though plaintiff Primeaux’s counsel did not testify as to the services which he rendered on behalf of his client and as to the cost thereof, he did present plaintiff’s case before the trial court, and the trial court was able to estimate a value, and to make an award therefor. Town of Logansport v. Copley, 313 So.2d 901 (La. App. 2 Cir. 1975), and cases cited therein.
Costs of this appeal are to be borne by intervenor-appellant, Richard R. Grayson.
AFFIRMED.